# BARBOUR v. HICKEY.

SPECIFIC PERFORMANCE; LACHES; TENDER; CONTRACTS FOR SALE OF LAND; DOWER, RELEASE OF

1. A party seeking the specific performance of a contract must show that there is equity and good conscience in support of his claim for relief, and that his application is made within reasonable time under all of the circumstances of the case. Therefore, a bill by one person against another for the specific performance of a contract for the sale of improved land, filed more than two years after the refusal of the intending vendor to consummate the sale, during which time the value of the property was subject to change and fluctuation, and containing nothing to justify the complainant's delay in bringing the suit, shows undue delay on his part, and will be dismissed.

2. Where the terms of sale in a written contract for the sale of land, are so much in cash and the balance of the purchase money in notes bearing interest, the tender by the intending vendee of a certified check for all of the purchase money, is not a sufficient tender to support a bill by him for the specific performance of the contract. He has no right to require the other to forego his right to receive notes instead of cash, nor to receive a certified check instead of money.

3. Equity will not, at the instance of the intending vendee, decree the specific performance of a contract for the sale of land, when the wife of the intending vendor refuses to relinquish her right of dower by joining with her husband in the execution of a deed to the vendee.

4. Nor in such a case will equity require the husband to suffer an abatement of the purchase money to an amount equivalent to the value of the contingent right of dower of the wife in the property. Equity will either execute the contract as made by the parties, or decline the exercise of the jurisdiction altogether, and remit the complainant to his remedy at law.

No. 117. Submitted October 18, 1893.—Decided January 11, 1894.

HEARING on an appeal by the complainant from a decree of the Supreme Court of the District of Columbia, holding an equity term, dismissing a bill for the specific performance of a contract for the sale of land. *Affirmed.*

The FACTS sufficiently appear in the opinion.

*Messrs. Carusi & Miller* for the appellants:

1. Although Mrs. Hickey did not join in the contract of sale, she is a necessary party to this suit, as her dower right is in question. *Estop* v. *Walker*, 1 Bland, 486.

2. In this case complainant shows his willingness to take the property and his ability to comply with the terms of sale, and asks that defendant Laurence Hickey convey the property to him, deducting from the purchase money the value of the inchoate dower of Mrs. Hickey. *Martin* v. *Merritt*, 57 Ind., 34, 40; *Wright* v. *Young*, 6 Wis., 125.

3. If the defendant Hickey repudiated the sale, or it was apparent from the facts and circumstances that the money would be refused, it was not necessary to make a tender according to the terms of the contract. In this case he waived the tender by declining to execute the deed. *Martin* v. *Merritt*, 57 Ind., 35; *Hinckley* v. *Pittsburgh Steel Co.*, 121 U. S., 264; *Van Brum* v. *Eaton*, 21 Minnesota, 409; *Matlock* v. *Gerry*, 66 Maine, 459; *Craig* v. *Smith*, 2 N. Y. (Comstock), 60; *Wright* v. *Young*, 6 Wisconsin, 125; *Seton* v. *Slave*, 8 White and Tudor, Eq. 176; *Gibbs* v. *Champion*, 3 Ohio, 337. And even if complainant did not offer to comply with the contract as to the purchase money, yet the benefit of the objection may be waived by the conduct of the parties, as was done in this case by defendant putting his refusal solely on the ground that his wife would not consent to the sale. *Webb* v. *Hugh*, L. R., 10 Eq., 281-287; *Wells* v. *Maxwell*, 2 Beav., 408.

4. The property was not enhanced in value, and the circumstances of the parties to the contract are the same; hence specific performance will be decreed. *Freeman* v. *Roland*, 15 Pa. Stat., 429; *McKay* v. *Carrington*, 1 McLean, 49.

5. It is well settled that where the contract is unobjectionable (as to sale of real estate) it is as much a matter of course for a court of equity to decree specific performance as it is for a court of law to give damages for a breach of it. Courts of equity will decree specific performance where the contract is in writing and is certain, is fair in all its parts

and is for an adequate consideration and capable of being performed; and the purchaser is ready and offers to comply with the contract on his part and has the ability to perform it. *Smoot* v. *Rea et al.* 19 Md., 398.

*Messrs. Riddle & Davis* for the appellees:

1. Equity will not require a husband to procure his wife to convey. This whole question is fully discussed by Story in his Equity, vol. 2, sec. 731, to, and including sec. 735. His conclusions cannot be shaken. See also the cases cited in his notes, especially *Emery* v. *Wase*, 8 Ves., 505, and Eldon's opinion at length in note 2, sec. 734. These eminent judges discuss the policy of the law governing this grave proposition. They leave a vendee to his remedy at law against the husband, as his sole relief. See also cases cited below.

2. Equity will not decree indemnity against a husband for non-conveyance of his wife. See *Clark* v. *Seirer*, 7 Watts (Pa.), 107, and cases cited; *Maughlin* v. *Perry*, 35 Md., 352; *Flaherty* v. *Blake*, 10 Atlantic Rep., 158; see also *Riley* v. *Smith*, 25 N. J. Eq., 158; *Hawralty* v. *Warren*, 18 N. J. Eq., 124; *Lucas* v. *Scott*, 4 Ohio St., 663; *Richmond* v. *Robinson and Wife*, 12 Mich., 193; *Cairncross* v. *Grann*, 33 N. W. Rep., 448; *Musgrove* v. *Halges*, 27 Pac. Rep., 121.

Mr. Chief Justice ALVEY delivered the opinion of the Court:

The plaintiff in this case, James L. Barbour, as assignee of a contract for the sale of certain real estate, situated in the city of Washington, has filed this bill against the defendants Lawrence Hickey and wife, to procure a decree for specific performance of the contract. The contract is in writing, and bears date the 15th of September, 1888. By this contract, the defendant, Lawrence Hickey, agreed to sell the property to the defendant, James O. Holmes, and the latter, on the 17th of September, 1888, assigned the contract to the plaintiff. In fact, Holmes acted as the agent of the plaintiff in

making the purchase, though the fact was not disclosed to the defendant Hickey until some time after the contract was made. The bill was filed on the 6th of December, 1890, against Hickey and his wife, though the wife was not a party to the contract. A decree is prayed against both husband and wife, that they be required to join in the execution of a deed for the property to the plaintiff. Holmes is also made a defendant to the bill. Hickey and wife severally demurred to the bill, and the demurrers were sustained and the bill dismissed. And in thus disposing of the case we think the court below has committed no error.

By the terms of the contract, the two lots, Nos. 16 and 17, in square No. 536, were agreed to be sold by the defendant Lawrence Hickey to Holmes, for the sum of $5,500, and the sum of $100 was paid at the time as part of the purchase money. The title to the property was to be perfect, or otherwise the $100 deposit was to be returned. It was also agreed that the terms of sale should be complied with within twenty days from the date of the contract, and thereupon the property was to be deeded to Holmes *or his assigns*. Twenty-five hundred dollars of the purchase money were to be paid in cash, and the balance to be paid in three notes of $1,000 each, bearing six per cent. interest, payable in one, two and three years from date respectively.

The plaintiff alleges in his bill, that on the 5th day of October, 1888, after the contract had been assigned to him, and within the twenty days for the performance of the contract, he called on the defendant Lawrence Hickey and tendered him in cash, in the form of a check certified by one of the banks of the city of Washington, $5,400, which, with the $100 paid at the date of the contract, made the sum of $5,500, the full amount of the purchase money; and, at the same time, tendered the draft of a deed for the property in fee simple, to be executed by said Hickey and his wife. But, as it is alleged, the defendant Lawrence Hickey refused to accept the amount so tendered him, or to examine and execute the deed, on the ground, as stated by him, that his

wife was not willing to sell and convey the property to the plaintiff, and therefore she declined to become a party to the deed.

The plaintiff then alleges that he has always been ready and willing, and is still ready and willing, and tenders himself ready, to perform the agreement on his part, *upon having a conveyance made to him of the property in fee simple* by Hickey and wife, discharged of any incumbrance thereon, *and the dower right in the same,* held by the wife; but that the defendant Lawrence Hickey has refused, and does still refuse, to perform the agreement on his part, under pretence that he is unable to convey the property free of dower, for the reason alleged by him that his wife will not join him in the deed.

The bill then alleges, that although the wife will not join her husband in the deed, yet the plaintiff is ready and willing to take a deed of conveyance in fee simple of the property from the husband alone, subject to the contingent right of dower in the wife, at the price stated in the agreement, less whatever may be the reasonable value of said contingent right of dower in the property. The plaintiff also claims to be reimbursed for the expenditures made by him, in having the title to the property examined and the deed prepared.

The prayer of the bill is, that the defendants, Hickey and wife, be compelled by a decree to execute, acknowledge and deliver to the plaintiff a deed in due form of law, conveying the property free of all incumbrances, upon the plaintiff paying the purchase money mentioned in the contract. Or that a decree be passed requiring the defendant Hickey to convey to the plaintiff, subject to the contingent right of dower of the wife in the property, a good fee simple title, by a proper deed therefor, first deducting the value of such contingent right of dower of the wife in the property, from the amount of purchase money stipulated to be paid. There is also a prayer for general relief.

There are several grounds upon which the court below

was well justified in sustaining the demurrers and dismissing the bill.

A party coming to a court of equity for specific performance, must show that there is equity and good conscience in support of his claim to relief, and that his application is made within reasonable time, in view of all the circumstances of the case. In this case, the bill was not filed until after the lapse of more than two years from the time the defendant Hickey refused to receive the money and execute the deed. This was undue delay, under the circumstances of the case, and there is nothing shown in the bill to justify the delay. The lots of ground were improved by buildings thereon, and they required the expenditure of money to keep them in repair, and to keep up insurance; and the salable value of the property was liable to constant change and fluctuation; and where the purchase money has not been paid, the motive for enforcing the contract or not enforcing it specifically may largely depend upon such change in value.

Apart, however, from the objection of delay in making the application, there was no proper tender of performance of the contract on the part of the plaintiff, such as was required by the terms of the contract itself. The tender of the whole amount of the purchase money within the twenty days, was not what was contemplated by the contract. By the terms of the contract, the defendant Hickey was entitled to receive in cash $2,500 of the purchase money, and the balance in three notes, at one, two and three years, to bear interest at the rate of six per cent. This investment of a portion of the purchase money may have been a very material consideration with the defendant Hickey, inducing him to enter into the contract of sale. Clearly, the plaintiff had no right to require the defendant to forego his right to receive the notes, according to the terms of the agreement. Nor had the plaintiff a right to require the defendant to receive a certified check instead of money. Before the plaintiff could rightfully demand performance on the part of the

defendant, he should have tendered strict performance on his own part.

But there is a more substantial ground shown for sustaining the demurrers than those to which we have referred; and that is the want of right in the plaintiff to require the defendant Hickey to procure the joinder of his wife in the conveyance of the property, or to submit to a modification of the contract, and to have the contract specifically executed as modified.

The question here presented is one that has been variously decided, both in England and in this country. Indeed, it has been a perplexing question to the courts; but the great weight of authority of the present day would seem clearly to be against the attempt of a court of equity to compel a husband to procure the joinder of his wife in a conveyance with him, against her will, at the peril of his being imprisoned for contempt of court, for non-execution of the decree. For such a decree would seem clearly to contravene both the letter and the policy of the statute, which requires that, in order to give effect to a conveyance of the estate of the wife, or to bar her right of dower in the estate of her husband, she shall, apart from her husband, declare that she executes and acknowledges the deed willingly and freely. Rev. Stat. U. S. relating to District of Columbia, Secs. 450, 451. But how is this to be accomplished, if the wife is unwilling to execute the deed, or to make the acknowledgment required by the statute? The husband ought not to be put in a position by a court of equity to tempt him to coerce his wife to join him in a deed, nor ought the wife, especially where she is not a party to the contract, to be put to the alternative of either executing and acknowledging the deed, or of allowing her husband to be committed to prison for contempt of court, because of the non-compliance with the decree for specific performance.

In the view of, and according to the opinion of some of the ablest and most distinguished chancellors and writers on equity jurisprudence, a decree for specific performance

against the husband in such case ought not to be made. This was the opinion of Lord Chancellor Cowper, Lord Chancellor B. Gilbert, Lord Eldon and Sir Thomas Plumer, as shown by Chancellor Kent, in the second volume of his Commentaries, p. 169; and the learned American chancellor and commentator leaves no doubt of his own opinion upon the subject as being strongly opposed to decreeing specific performance in such cases.

In 2 Story's Equity Jurisprudence, Secs. 731, 732, the subject is treated by the author with great clearness and force. After stating that there have been many cases in which agreements and covenants of this sort have been decreed to be specifically performed, the author proceeds to say, that the reason for such decrees is said to be because, in all such cases, it is to be presumed that the husband, when he enters into such a covenant, has first gained the wife's consent for that purpose. "But," continues the learned jurist, "this reason is a very insufficient one for so strong a doctrine; for it may be a presumption entirely against the fact; and, if correct at the time, the wife may have subsequently withdrawn her consent, and refused, upon very proper grounds, to comply with the covenant. Let us suppose a case in which, either there has been no consent, or it has been thus withdrawn; it may then be asked, and, indeed, it has been asked, with the earnestness of great doubt, whether, if it is impossible for the husband to procure the concurrence of his wife in such a proceeding, a court of equity, acting according to conscience, will decree the husband to perform what it is morally impossible for him to perform? It seems difficult to maintain the affirmative, especially as a full compensation may generally be obtained by returning the money with interest and damages. But there is a stronger ground, upon which the propriety of the doctrine may well be contested. It is the impolicy of endeavoring to compel the husband to use undue influence, and unjustifiable means, inconsistent with the harmony, peace and confidence of conjugal life, to

obtain such a surrender of the rights of the wife. It is offering to him a premium to be ungenerous, as well as unjust, and separating his interest, as well as his good faith, from hers."

It is insisted, however, that if the wife cannot be required to join with her husband in the making of the deed, a decree should be made against the husband, requiring him to convey, and that he should suffer an abatement of the purchase money to an amount equivalent to the value of the contingent right of dower of the wife in the property. But to do this would be simply modifying the contract, and decreeing its specific performance as modified. To ascertain the value of such contingent right of dower, would, necessarily, involve a controverted question of fact—a question that would likely elicit a variety of opinion and judgment; and when determined, it would not be the agreement of the parties, but would be a distinct term introduced into the contract by the court. Such method of dealing with the contract is not consistent with the equitable doctrine of specific performance. The court should either execute the contract as made by the parties, or decline the exercise of the jurisdiction altogether. Upon this subject we refer to the opinion of Chief Justice Gibson, in the case of *Clark* v. *Seirer*, 7 Watts, 107. The remedy at law is adequate, and the plaintiff must be remitted to that remedy, if he desires redress.

It follows that the decree of the court below, dismissing the bill must be affirmed, with costs to the appellees.

*Decree affirmed.*