# BRIDE *v.* REEVES.

EQUITY; MULTIFARIOUSNESS; SPECIFIC PERFORMANCE; TENDER; LACHES;
HUSBAND AND WIFE; DOWER.

1. A bill in equity is not multifarious when its main object is to compel
   specific performance of a contract, although it also seeks the removal
   of the cloud of intervening titles and liens, alleged to have been
   acquired with notice of the plaintiff's right, and makes the holders
   of such titles and liens parties to the bill in order that one decree
   may settle all interests finally.

2. Specific performance of a contract for the sale of land cannot be de-
   feated on the ground that the contract does not sufficiently describe
   the property, where the description is of two squares of land by
   their numbers, but fails to state that they are in the city of Wash-
   ington. The contract being otherwise definite, the ambiguity is
   latent, and may be removed by extrinsic evidence. (Following *John-
   son* v. *Tribby,* 27 App. D. C. 281, and distinguishing *McCormick* v.
   *Hammersley,* 1 App. D. C. 313, and *Waters* v. *Ritchie,* 3 App. D.
   C. 379.)

3. Although a contract for the sale of land contains no express promise on the part of the purchaser to pay the balance of the purchase price, if he afterwards tenders and the seller refuses to accept, whereupon the purchaser files his bill for specific performance, the mutuality of remedy is complete. The purchaser at least then brings himself under the obligation of the contract, and comes completely under the power of the court. (Citing *Johnson* v. *Tribby*, 27 App. D. C. 281.)

4. An allegation of tender of the purchase price, without an allegation of the form of the tender, in a bill by the purchaser, for specific performance of a contract to sell land, is sufficient on demurrer to the bill, especially where the bill alleges facts showing that it was the intention of the seller not to convey for the stipulated consideration, and that he attempted to defeat the plaintiff's right by conveyances to and contracts with other parties. Under such circumstances, the seller is in default, and is in no position to raise the question of formal legal tender. (Citing *Newman* v. *Baker*, 10 App. D. C. 187.)

5. Whether a plaintiff seeking specific performance of a contract to sell land has been guilty of laches depends upon the circumstances of the case. Mere lapse of time that has occasioned no change of conditions which render it inequitable and unconscientious to entertain the demand, and is not excessive, is looked upon with some indulgence in equity. (Following *George* v. *Ford*, ante, 315.)

6. A bill for specific performance of a contract to sell land *held* not to be demurrable on the ground of laches, although filed nearly three years after the contract was made, where the bill showed that the plaintiff caused the contract to be recorded within five days after its execution, and alleged as excuse for the delay in bringing of the suit, vacillation by the defendant and conduct leading the plaintiff to entertain reasonable expectation that he would make the conveyance without litigation, and where there was nothing in the bill from which it could be gathered that there was any great and unexpected rise in the value of the property during the period of delay.

7. Conveyances and contracts relating to land, made by its owner after he had entered into a contract to sell the land, do not, of themselves, raise intervening equities or laches on the part of the purchaser under the contract, where his bill for specific performance of such contract against the seller and the parties to such conveyances and contracts, although filed nearly three years after his contract was made, shows that he recorded the contract within five days after its execution, and that such parties also had actual notice of it, unless by such delay they reasonably believed he did not intend to insist upon performance, which cannot, however, be inferred on a demurrer to the bill.

8. Facts appearing in evidence making it inequitable to permit the plaintiff in equity to recover, because of his laches, will be given proper weight on the final hearing, after a demurrer to the bill on the ground of laches has been overruled.

9. The wife of a party who has made a contract to sell land, but who did not join in the contract, is not a proper party defendant to a bill for specific performance of the contract.

10. The contingent dower right of the wife of the owner of land who has made a contract to sell the land cannot be affected by a decree for specific performance against her husband, if she did not join in the contract. The purchaser will take subject to such dower right; but the seller cannot have an abatement of the purchase price of the land, equivalent to the value of such dower right. (Following *Barber* v. *Hickey,* 2 App. D. C. 207, 24 L.R.A.763.)

No. 2178. Submitted January 5, 1911. Decided March 6, 1911.

HEARING on an appeal by the plaintiff from a decree of the Supreme Court of the District of Columbia, sitting as a court of equity, sustaining a demurrer to and dismissing a bill for specific performance of a contract to sell land. *Reversed.*

The COURT in the opinion stated the facts as follows:

This is a suit for specific performance, begun by Cotter T. Bride against James C. Reeves and wife, on March 10th, 1910, of a contract to convey certain lands alleged to be situated in the city of Washington.

The contract reads as follows:

This agreement, made and entered into this 14th day of April, 1905, by and between James C. Reeves of the District of Columbia, party of the first part, and Cotter T. Bride, party of the second part. Mr. Reeves agrees as soon as he acquires a good title to square six hundred and four (604) and six hundred and five (605), to turn over to Cotter T. Bride his right, title, and interest in square six hundred and four (604) and square six hundred and five (605) upon the payment of three thousand dollars ($3,000), the same to be a good title and free

of encumbrances. Received on the above sixty and 00/100 dollars ($60).

James C. Reeves.    (Seal.)
Cotter T. Bride.

Execution was acknowledged by both parties before a notary public on April 14th, 1905, and the contract was duly recorded in the District deed records on April 30th, 1907. In addition to the payment of the $60 recited, the receipt of $40 additional is indorsed on the instrument over the signature of Reeves.

The bill alleges that on April 25th, 1907, a decree was passed in an equity suit begun by Reeves for the purpose, vesting in him a good fee-simple title to said lands. That in May and June, 1907, plaintiff offered to perform his obligation, and demanded a conveyance by Reeves, who, from time to time, insisted upon the payment of a greater price. That, depending such negotiations, on July 23, 1907, Reeves and wife conveyed said lands to W. Walton Edwards and William H. Shipley in trust, to secure a note of even date for $1,000, payable to one Jesse H. Powell; which conveyance has since been recorded.

Thereafter, on November 26th, 1909, said Reeves and wife executed a deed to Galen E. Green, conveying to him in fee square 604; and the same has since been recorded. Thereafter Green conveyed said square 604 to a Harry T. Light, on December 15th, 1909.

That on December 10th, 1909, Reeves entered into a contract with said Green for the conveyance to him of square 605. That long after the record of the contract sued on, Reeves suffered certain judgments to be entered against him in the supreme court of the District as follows: September 9th, 1909, in favor of Lillie M. Shipley for $246.08; since entered of record to use of John Ridout; September 9, 1909, in favor of Mattie R. Slater for $500; since entered of record to the use of William J. Kehoe; October 22, 1909, in favor of the Commercial National Bank for $170; since entered of record to the use of William J. Kehoe.

That said Reeves has permitted the taxes on said lands to go unpaid, and become an encumbrance thereon, the amounts of which should be deducted from the purchase price contracted to be paid by the plaintiff.

Edwards and Shipley, trustees, and Jesse H. Powell, beneficiary in said trust deed; Light and Green as claimants of title; and Ridout and Kehoe, as judgment creditors claiming liens, were all made parties defendant.

As regards the said trustees and Powell, Light, and Green, the bill alleges that each of them, before the transactions with them and the conveyances, contracts, etc., under which they claim, had actual knowledge of the said contract, and of the registration of the same.

The bill further alleges that when plaintiff heard of the said trust deed, he expostulated with Reeves, and demanded that he remove the said cloud upon the title to the said lands, and perform his said contract. That, at times, Reeves would agree to do so, but vacillated from one purpose to another, and kept postponing plaintiff, until, on November, 1909, he caused a letter to be written by said Edwards, as his attorney, in which plaintiff was informed that if he would furnish a statement of the moneys advanced by him, and in the payment of taxes, the same would be paid. The amount represented as $406.14 was declared disputed and vouchers therefor must be exhibited; and it was added that if no adjustment be made suit would be begun against plaintiff.

The bill further alleges that until the receipt of the letter aforesaid, plaintiff had been led to entertain a reasonable expectation that Reeves would perform his contract.

Decree is prayed against Reeves and wife for the execution of the conveyance, all encumbrances to be adjusted; tender of readiness to perform is alleged by plaintiff, and he offers to pay into court such a sum as may be found due by him upon the ascertainment of the remainder due. Decree is also prayed annulling the said trust-deed conveyance and contract, and the lien of said judgments, and declaring the same subordinate to the rights of plaintiff under his contract.

Each defendant demurred, assigning as matters of law to be argued: 1. The bill is multifarious. 2. The contract does not sufficiently describe the property, and lacks the necessary mutuality. 3. No tender averred. 4. The contract sought to be enforced is not that described in the bill. 5. Laches. 6. There is a plain and adequate remedy at law. Agnes Reeves assigned the additional ground: 7. She is not a party to the contract, and no relief can be had against her.

The demurrer was sustained. Plaintiff prayed leave to amend as to Agnes Reeves, which was denied. Declining to amend in other respects, the bill was dismissed.

*Mr. Mason N. Richardson, Mr. William W. Bride,* and *Mr. Daniel O'C. Callaghan* for the appellant.

*Mr. John Ridout* for the appellees.

Mr. Chief Justice SHEPARD delivered the opinion of the Court:

There is nothing to indicate whether the demurrer was sustained upon one ground or all. All have been urged on this hearing, and will be considered.

1. The bill is not multifarious. It had but one object, and seeks to enforce but one right; namely, the performance of the contract. To secure that by an effective decree, if entitled to its enforcement, it is necessary to remove the cloud of intervening titles and liens alleged to have been acquired with both actual and constructive notice of plaintiff's right. The holders of such rights are proper parties, in order that one decree may settle all interests finally. It is the ordinary procedure in such cases.

2. The next point is the failure of the instrument to sufficiently describe the property affected. The contract, which is an inartificial instrument, describes the squares by numbers, but omits to state that they are situated in the city of Washington, as the bill alleges them to be. The contract being otherwise

definite, this is a latent ambiguity, which may be removed by extrinsic evidence. *Barry* v. *Coombe,* 1 Pet. 640–652, 7 L. ed. 295–302; *Williams* v. *Morris,* 95 U. S. 444–456, 24 L. ed. 360–362; *Johnson* v. *Tribby,* 27 App. D. C. 281–285. The cases relied on by appellees are not in point. *McCormick* v. *Hammersley,* 1 App. D. C. 313–314; *Waters v. Ritchie,* 3 App. D. C. 379, 393. In both, the land was described as part of lots in certain squares, and there was no attempt to identify any particular part of the lot, which, it was suggested in the first of those cases, might have been done.

3. In our opinion, the requisite mutuality to authorize specific performance of the contract is not wanting. It was signed by both parties; so no question on that account occurs. Let it be conceded that the contract on the part of the vendee, notwithstanding a partial payment of the stipulated purchase money, might not have supported a bill for specific performance brought by the vendor, for want of an express promise to pay the remainder of the purchase money upon the delivery of a conveyance; yet it is alleged that the plaintiff offered to pay the remainder, shortly after the perfection of the title, and demanded the conveyance. When performance was finally refused by Reeves, he filed his bill and declared his readiness to pay.

By the terms of the contract, plaintiff would seem to be in a position analogous to one holding an option, who, after notice of his election, and demand for performance, brings his suit. *Willard* v. *Tayloe,* 8 Wall. 557–564, 19 L. ed. 501–503. But without engaging in a discussion of the general question of mutuality of contract and remedy, concerning which there has been much conflict of decisions, or the many exceptions and nice distinctions that have been made, we think it sufficient to say, that when the plaintiff offered performance, and filed his bill, the mutuality of remedy was complete. He then, at least, brought himself under the obligation of the contract, and came completely under the power of the court. *Richards* v. *Green,* 23 N. J. Eq. 536–539; *Woodruff* v. *Woodruff,* 44 N. J. Eq. 349–359, 1 L.R.A. 380, 16 Atl. 4; *Ewins* v. *Gordon,* 49 N. H. 444–458. See also *Justice* v. *Lang,* 42 N. Y. 493, 1 Am. Rep.

576; *Johnson* v. *Tribby*, 27 App. D. C. 281; Notes to *Seton* v. *Slade*, 2 Am. Lead. Cas. in Eq. 5th Am. ed. pp. 1077, et seq.

4. As regards tender of performance by plaintiff, the bill alleges that he offered to pay the money when he demanded the conveyance by Reeves. The form of this tender is not set out in detail, but the general allegation is sufficient on the demurrer. Moreover, the bill alleges matters that show the intention of Reeves not to convey for the stipulated consideration, as well as his later attempts to defeat plaintiff's right by conveyances to, and contracts with, others. Reeves was in default and is in no condition to raise the question of formal, legal tender. *Brown* v. *Slee,* 103 U. S. 828–837, 26 L. ed. 618–622; *Newman* v. *Baker,* 10 App. D. C. 187–203; *Smoot* v. *Rea,* 19 Md. 398–410; *Maughlin* v. *Perry,* 35 Md. 352–358; *Ewins* v. *Gordon,* 49 N. H. 444–463.

It is alleged also that Reeves had permitted taxes to go unpaid and become liens on the land. These he was bound to account for in the remainder of the purchase money. These amounts were uncertain, as indicated by Reeves's letter, referred to in the statement of the case, and plaintiff alleged his readiness to pay the necessary sum into the registry of the court as a condition of the decree of performance prayed.

5. A more serious question arises in respect of plaintiff's laches. Defendant's obligation to convey was not enforceable until a reasonable time after April 25th, 1907, when the title was perfected. Plaintiff recorded the contract within five days thereafter, but did not bring his suit for nearly three years. One who appeals to the discretion of a court of equity to decree specific performance must do so with reasonable promptitude. What is reasonable depends upon the circumstances of the case. Mere lapse of time that has occasioned no change of conditions which render it inequitable and unconscientious to entertain the demand, and is not excessive, is looked upon with some indulgence in equity. *George* v. *Ford*, ante, 315; *Smoot* v. *Rea,* 19 Md. 398–406. The excuses for this delay, namely, the vacillation of Reeves, and his conduct leading plaintiff, until November 9, 1909, to entertain the reasonable expectation

that he would make the conveyance without litigation, must be taken to be true as alleged. While not set out with perfectly satisfactory specification, we think they are to be regarded as sufficient. There is nothing in the bill from which it can be inferred that there was any great and unexpected rise in the value of the property during the period of the delay.

It is further contended that the contracts and conveyances to the other defendants, described in the bill, are intervening equities that grew out of plaintiff's delay. On the face of the bill this proposition cannot be assented to. Plaintiff promptly recorded his contract after Reeves perfected his title, thereby indicating his intention to assert his rights thereunder. This was not only constructive notice to all parties dealing with Reeves, but it appears from the allegations of the bill that they had actual knowledge of the contract, as well as that it had been recorded. With this knowledge they could acquire no equities as against plaintiff. If the plaintiff, by reason of his delay and the circumstances attending it, led the parties reasonably to believe that he did not intend to insist upon performance, it would be inequitable to permit him now to do so. There is nothing in the bill, however, from which this can be inferred; and we are only passing upon the facts as they appear on the face of the bill. Such conditions may, possibly, be disclosed by evidence that may hereafter be taken after answer filed. If so, they will be given their proper weight on the final hearing.

7. The demurrer of Agnes Reeves was rightly sustained. She was not a party to the contract. If she had a dower interest in the property it was not contracted for, and cannot be affected by a decree of performance by her husband. If she have a dower interest, plaintiff will take subject thereto. He cannot have an abatement of the purchase money to an amount equivalent to the value of the wife's contingent dower right. *Barbour v. Hickey,* 2 App. D. C. 207–215, 24 L.R.A. 763.

As to Agnes Reeves, therefore, the decree will be affirmed. As to the other defendants, it will be reversed, with costs, and the cause will be remanded for further proceedings.

*Reversed.*