**ALLISON v. MACKEY et al.**

**No. 10760.**

United States Court of Appeals
District of Columbia Circuit.

Argued Dec. 15, 1950.

Decided Jan. 25, 1951.

Mr. James C. Toomey, Washington, D. C., with whom Mr. Richard A. Mehler, Washington, D. C., was on the brief, for appellant.

Mr. Crandal Mackey, Washington, D. C., for appellees. Mrs. Mary Mackey entered an appearance pro se.

Before EDGERTON, WILBUR K. MILLER and FAHY, Circuit Judges.

WILBUR K. MILLER, Circuit Judge.

The appellant, Ethel K. Allison, sued Crandal Mackey and Mary Mackey, his wife, in the United States District Court for the District of Columbia for specific performance of a contract to sell and convey real estate. Mrs. Mackey had not signed the contract. Her husband, who had title to the realty in question, moved to dismiss the complaint on the ground "* * * that the Court has no power or jurisdiction to decree specific performance herein on the part of either of the defendants who are husband and wife, where the wife refuses to consent to the sale of the real estate involved or to join in any deed for that purpose. Nor can the husband be required to execute a deed to the property subject to the right of dower, even though the purchaser would pay the full price and take the property subject to the dower of the wife."

Appellant filed a memorandum of points and authorities in opposition to the motion to dismiss in which *inter alia* she said, "* * * the Plaintiff has offered to and is ready, willing and able to carry out her part of the contract and to accept a deed from Defendant, Crandal Mackey, subject to any right of dower existing in the Defendant, Mary Mackey. The Plaintiff in this case does not seek indemnity from Defendants because of Defendant's wife's inchoate dower interest, * * *."

The District Court entered the following order:

"Upon consideration of the pleadings, oral argument and points and authorities in support and in opposition to the motion of defendants to dismiss the complaint, and it appearing to the satisfaction of the Court that the defendant wife did not sign the contract of sale, it is by the Court, this 9th day of June, 1950,

"Adjudged, Ordered and Decreed that the motion to dismiss be and the same is hereby granted."

This appeal is from that order.

Had it stood alone, the complaint should have been dismissed, as it showed the wife was not a party to the contract, and yet prayed specific performance by both defendants; and did not by its own terms show the plaintiff's willingness to accept a conveyance from the husband alone, subject to the wife's inchoate right of dower, nor did it reveal that the plaintiff did not seek indemnity against the dower nor abatement of price if it remained outstanding. These matters do appear, however, in the appellant's memorandum of points and au-

thorities in opposition to the motion to dismiss, from which we have quoted above. This memorandum was presented to and not excluded by the District Court. Moreover, that it was actually noticed and considered by the trial judge is shown by the order of dismissal from which the appeal is taken. That being true, the motion to dismiss was required by Rule 12(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A., to be treated as a motion for summary judgment, if the ground of the motion was "failure to state a claim upon which relief can be granted". That such was the basis of the motion is shown by the excerpt from it which we have reproduced above. It follows that the statements contained in the plaintiff's points and authorities, that she would accept a conveyance in which the wife did not join, and that she did not seek indemnity because of the outstanding dower interest, were properly before the court in the consideration of Mackey's motion to dismiss, since the motion was required to be treated as one for summary judgment.

Thus the legal question presented by the motion was whether a husband can be required specifically to perform his contract to convey his realty in which his wife did not join, when the purchaser is willing to pay the full price without abatement and to take the property subject to the wife's dower without indemnity therefor.

In Lenman v. Jones, 1909, 33 App.D.C. 7, this court had before it the question whether Isobel H. Lenman, who had inherited real estate from her intestate father subject to her mother's dower, could be excused from complying with her contract to sell and convey her property for the reason that her mother was not obligated by the contract and did not convey her dower, with the result that Isobel was unable to convey the complete title. Jones insisted upon Isobel performing her contract only insofar as she was capable of doing. The District Court directed her to convey the estate which vested in her on the death of her father, and in its decree protected the dower interest of the mother. This court affirmed.

In the case of Bride v. Reeves, 1911, 36 App.D.C. 476, this court's holding on the point which is pertinent here was accurately summarized in a headnote as follows: "10. The contingent dower right of the wife of the owner of land who has made a contract to sell the land cannot be affected by a decree for specific performance against her husband, if she did not join in the contract. The purchaser will take subject to such dower right; but the seller cannot have an abatement of the purchase price of the land, equivalent to the value of such dower right. Following Barber [Barbour] v. Hickey, 2 App.D.C. 207, 24 L.R.A. 763."

Reilly v. Cullinane, 1923, 53 App.D.C. 17, 287 F. 994, 997, was cited and relied upon by the appellee, Crandal Mackey. In that case Cullinane repudiated his written contract to convey real estate on the ground that his wife refused to join him in making a deed. Reilly filed a bill for specific performance, praying that Cullinane be required to convey the property and to indemnify the purchaser against his wife's right of dower if she did not join in the deed. He appealed from the decree dismissing his bill of complaint. This court affirmed because of Reilly's insistence upon indemnity against the right of dower, pointing out that determining the value of the dower right is "a gruesome, futile task, which the courts cannot be called upon to undertake" and adding, 287 F. at page 998: " * * * it should be said that a decree directing Cullinane to convey at a reduced price, or to indemnify the purchaser for his wife's right of dower, would not be a decree of specific performance, but a decree reforming the contract, a brand of relief not warranted by the pleadings or the facts."

The Cullinane case is readily distinguished from that before us by the present appellant's willingness to accept a conveyance which leaves the dower outstanding and to waive indemnity against it or abatement of price because of it.

We conclude that a husband may not avoid specific performance of his contract to convey realty on the mere ground that his wife refuses to join in his conveyance, if the purchaser is willing to accept

a deed from him alone, without indemnity or abatement of price because of the outstanding dower. Mackey's motion to dismiss was based solely on the wife's refusal in the above circumstances, and no other ground for denying the equitable remedy of specific performance was urged by the appellee, and none appears in the pleadings or other papers. Consequently, the appellee's motion, which, as we have seen, was required to be treated as one for summary judgment, should have been denied by the District Court, thus allowing a trial of any genuine issues of material fact presented by the pleadings. Of course the complaint should have been dismissed as to Mrs. Mackey.

Reversed and remanded.