556 P.2d 1153

**Veronica BORBON, a minor, by Carlos Borbon, her guardian ad litem, and Carlos Borbon, Individually, Appellants,**

**v.**

**CITY OF TUCSON, a Municipal Corporation, Appellee.**

**No. 2 CA–CIV 2131.**

Court of Appeals of Arizona, Division 2.

Sept. 16, 1976.

Rehearing Denied Oct. 13, 1976.

Petition for Review Denied Nov. 16, 1976.

Biggers & Enriquez by John W. Biggers, Tucson, for appellants.

O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears by Michael E. Woolf, Phoenix, for appellee.

## OPINION

HOWARD, Chief Judge.

Appellants filed suit in superior court seeking damages for personal injuries allegedly suffered as a result of the negligence of one Michael Ilardo d/b/a Catalina Construction Company and the appellee City of Tucson.

The City of Tucson moved for summary judgment which was granted by the trial court. While this appeal was being processed, appellants settled with Ilardo and the complaint against him has been dismissed.

■ A summary judgment may be granted when the pleadings, depositions and admissions on file together with the affidavits, if any, show that there is no genuine issue as to material facts and the moving party is entitled to judgment as a matter of law. *Garza v. Fernandez,* 74 Ariz. 312, 248 P.2d 869 (1952). No affida-

vits were filed by either party in connection with the motion.

■ Summary judgment cannot be granted on the basis of statements of fact in the moving party's brief even though they are uncontroverted by an opponent. *Trinsey v. Pagliaro,* 229 F.Supp. 647 (E. D.Pa.1964); Wright & Miller, Federal Practice and Procedure, Vol. 10, Sec. 2723, p. 489. Similarly, the court may not take cognizance of positions regarding the facts based upon exhibits that are merely parts of the briefs and have not been otherwise verified or supported. *Goldman v. Summerfield,* 94 U.S.App.D.C. 209, 214 F.2d 858 (1954). However, admissions in the brief by the party opposing the motion may be used in determining that there is no genuine issue as to any material facts since they are functionally equivalent to "admissions on file" which are expressly mentioned in Rule 56(c), Arizona Rules of Civil Procedure. Cf. *Allison v. Mackey,* 88 U.S.App.D.C. 154, 188 F.2d 983 (1951).

The unverified complaint recites the following facts which are material to the disposition of this case. The defendant Michael Ilardo, d/b/a Catalina Construction Company, executed a contract with the mother and father of the minor for rehabilitation construction work on the family residence pursuant to a program administered by the City of Tucson known as the Wakefield-Pueblo Urban Renewal Project. Under the said project requirements the contractor for any given project is to perform the construction work in accordance with plans and specifications provided by the City of Tucson to the homeowners and pursuant to such contract the City is to control, supervise and direct the work under the contract, including making inspections of the work performed by the contractor and also seeing that the work was completed in a workmanlike manner in conformity with the project description. At all times mentioned in the complaint Ilardo possessed and had complete control over the portion of the premises covered by the construction contract and as of July

13, 1974, Ilardo and his sub-contractors had erected foundation walls and related items. On said date Veronica Borbon was playing in the yard of the family residence and fell upon protruding iron bars or anchor bolts which were in the foundation walls, thereby severely injuring her abdominal area. The contractor Ilardo allowed the premises to remain in such condition while he performed other jobs at other locations and did not make any effort to erect any barriers or other safety devices or attempt to finish the job sooner.

Appellee, in its answer, admitted that the contract was entered into between the Borbons and Ilardo for the construction work and that the City of Tucson, through the Department of Community Development Urban Renewal Division, represented the Borbons in the control, supervision and direction of the work to be performed under the contract, but that it was not a party to the contract. The City denied all other allegations.

Appellee's motion was unsupported by any affidavits. In addition to the motion itself, it contained a "Memorandum of Points and Authority", in which reference is made to a contract with the United States Department of Housing and Urban Development (HUD) but no portion of the contract was attached to the motion. It also refers to the terms of the contract between the Borbons and Ilardo; stating it is attached as "Exhibit A". However, appellee apparently forgot to attach it. There are other recitations of fact not supported by affidavit or otherwise as provided in Rule 56(c), Arizona Rules of Civil Procedure.

Appellants' response has attached to it the Borbon-Ilardo contract. There is no verification of the contract. This response also contains many unsupported factual assertions. The response does admit, however, that the City was not a party to the construction contract. It is apparent that the contract attached by appellants to their response is the one referred to in appellee's motion and we shall therefore treat the attachment as an admission for the purpose of the motion. We shall also ignore all factual assertions made in the respective memoranda of the parties which have not been supported as required by Rule 56(c), Arizona Rules of Civil Procedure.

In its motion for summary judgment the City of Tucson contended that no duty upon which liability could be based was owed to the plaintiffs because (1) it was not a party to the contract, (2) since urban renewal benefits all municipal citizens it owed no special duty to the plaintiffs and (3) it did not assume or have the right to assume day-to-day control over the independent contractor. The last point raised by appellee is determinative of this appeal.

Appellants' contention below and on appeal is based upon the provisions of the Borbon-Ilardo contract. For the purposes of this appeal we shall assume the City of Tucson is somehow bound by the terms of the contract which it did not sign. The portions of this contract upon which appellants rely are certain conditions which were incorporated by reference into the contract. These are as follows:

"The Agency shall be the Owner's representative to deal with the Contractor and to insure that the work is performed in accordance with the provisions of this Contract. The Agency and representative of the Department of Housing and Urban Development of the United States shall at all times have access to the work during its progress, and shall be furnished with every reasonable facility for control, supervision, and inspection for ascertaining that the materials, workmanship, and equipment are in accordance with the requirements and intentions of this Contract. The Agency shall also be permitted at all reasonable times to inspect and review all relevant data and records of the Contractor.

The Agency representative shall have the authority to give such general supervision and directions as may be necessary to insure that work on the project is in strict compliance with the plans and

specifications. He shall determine the adequacy of the Contractor's methods, plans and appurtenances and make such directions relative to sufficiency of forces as may be reasonably necessary to insure proper and continuous execution of the work. He may stop the work if necessary to prevent its improper execution and shall determine the amount, quality, and fitness of the several kinds of work and materials used. He shall reject all work and materials which do not conform to requirements of the Contract. All instructions, rulings, and decisions of the Agency shall be made promptly in writing."

Appellants claim that the foregoing contractual provisions impose liability upon the City under the doctrine of "retained control". We do not agree.

█ In analyzing this problem we must first decide the relationship between the parties. It is evident that the contract if it were binding on the City, makes the City the agent of the owners of the property. As such, it owed the Borbons the duty not to injure them negligently and is liable for so doing. *Hiller v. Goodwin*, 258 Ala. 700, 65 So.2d 152 (1953). It goes without saying that the agent is also liable to third persons under general negligence principles. In the case at bench both the claim of the minor and her parents was predicated upon the City's alleged negligence.

█ The status of the City in this case is analogous to that of the architect in *Parks v. Atkinson*, 19 Ariz.App. 111, 505 P.2d 279 (1973) and *Reber v. Chandler High School District # 202*, 13 Ariz.App. 133, 474 P.2d 852 (1970). The City can only be liable if the contract gave it control of, or the right to control, the method of doing the details of the work. *Parks v. Atkinson*, supra, *Reber v. Chandler High School District # 202*, supra, *German v. Mountain States Telephone & Telegraph Co.*, 11 Ariz.App. 91, 462 P.2d 108 (1969).

In reviewing the powers given to the City we can only conclude that its powers were as to results only and did not confer the right to control the method or manner of performing the details of the work.

We find no disputed issue of fact which precludes summary judgment and the trial court did not err in granting appellee's motion.

Affirmed.

KRUCKER and HATHAWAY, JJ., concur.