**Michelle P. SIERZEGA, Plaintiff,**

v.

**John D. ASHCROFT, Attorney General, Department of Justice, Defendant.**

No. Civ. 03–01071(RJL).

United States District Court, District of Columbia.

Feb. 28, 2005.

Richard T. Tomar, Karp, Frosh, Lapidus, Wigodsky & Norwind, P.A., Rockville, MD, for Plaintiff.

Rhonda C. Fields, United States Attorney's Office, Washington, DC, for Defendant.

### MEMORANDUM OPINION AND ORDER

LEON, District Judge.

(February 25th 2005) [# 7]

Michelle P. Sierzega brings this action against the Attorney General of the United States, John D. Ashcroft, for failure to hire her under the Rehabilitation Act of 1973 and for denial of due process under the Fifth Amendment. Before the Court is defendant's motion to dismiss Count III of the Complaint for failure to state a claim upon which relief can be granted.[1] For the following reasons, the Court GRANTS the defendant's motion.

### BACKGROUND

In 2001, the plaintiff, having served in its Honors Internship Program, applied

---

1. The parties stipulated that the plaintiff is suing the defendant in his official capacity and not in his individual capacity. Stip. ¶ 1. The parties further stipulated that the plaintiff is not seeking monetary damages in Count III of the complaint, so the Court need not consider the sovereign immunity and exhaustion requirements of the Federal Tort Claims Act. Stip. ¶ 2.

for a position as a Special Agent with the FBI. Compl. ¶ 2. After an initial investigation, plaintiff received an appointment contingent upon successful completion of an extensive investigation which included a preemployment polygraph, physical readiness test, physical examination, and drug urinalysis test. Compl. ¶¶ 2–3. On July 19, 2002, the FBI rescinded its employment offer to the plaintiff citing her medical history, which included recurrent depression, dysthymic disorder, alcohol abuse, and personality disorder, as the reason. Compl. ¶ 4. Plaintiff alleges that the diagnosis was false and that it has had a stigmatizing effect upon her career. Compl. ¶¶ 6, 17. Specifically, in Count III of the complaint, the plaintiff claims that the Attorney General violated her due process rights under the Fifth Amendment. Compl. ¶ 17.

## ANALYSIS

In determining whether to dismiss a case based on Federal Rule of Civil Procedure 12(b)(6), the Court must not dismiss the claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Kowal v. MCI Communications Corp.,* 16 F.3d 1271, 1276 (D.C.Cir.1994). Accordingly, the Court must accept as true all of the factual allegations set forth in the complaint. *Doe v. United States Dep't of Justice,* 753 F.2d 1092, 1102 (D.C.Cir.1985).

■ The defendant seeks to dismiss Count III of the complaint, which alleges that the FBI denied the plaintiff's liberty interest in violation of the due process clause of the Fifth Amendment. Ms. Sierzega, however, must first establish

that a liberty interest existed before the Court can determine whether an interest was infringed. She has not done so. The D.C. Circuit has previously held that "[t]he government's relationship with an applicant for a particular job does not implicate the due process clause's protection of liberty interests." *White v. OPM,* 787 F.2d 660, 665 (D.C.Cir.1986). Thus, the plaintiff has not established a "liberty interest" by virtue of her mere application for a position with the federal government. *Id.* (declining to find a constitutionally protected liberty interest in the freedom to pursue a profession in the employ of the United States).

■ Moreover, even if Ms. Sierzega had established a liberty interest in her employment, the FBI, by withdrawing her conditional offer, did not deprive her of that interest. To determine whether a government employee's liberty interest is implicated, the Court must determine: (1) whether the government altered the status of the employee in some tangible way by *foreclosing* the employee's future employment opportunities; *and* (2) whether this change in status was accompanied by injury to the employee's good name, reputation, honor, integrity, or imposition of a similar stigma. *Doe v. Casey,* 796 F.2d 1508, 1522–23 (D.C.Cir.1986), *aff'd in part and rev'd in part sub nom. Webster v. Doe,* 486 U.S. 592, 108 S.Ct. 2047, 100 L.Ed.2d 632 (1988). Neither occurred here. As to the first, the plaintiff was clearly not foreclosed from other employment opportunities in the field of law enforcement, nor is there any allegation that other employers will have any knowledge of the FBI's decision to deny her a position.[2] Therefore, plaintiff has not alleged

2. The plaintiff stated in the Response to Defendant's Motion to Dismiss that she is prepared to allege that the FBI and other government agencies will not hire her because she is required to disclose the FBI's rejection of her as a Special Agent. Pl's Resp. to Def's Mot.

conduct by the FBI that, if true, would constitute a foreclosure of her future employment opportunity in law enforcement.

As to the second requirement, the plaintiff has not alleged any public disclosure, or any reason to anticipate public disclosure of the basis for the FBI's decision not to hire her. Thus, in the absence of public disclosure, the plaintiff's reputation cannot be tarnished and the potential for stigmatization cannot be realized. Accordingly, the plaintiff has not stated a claim upon which relief can be granted and the motion must be granted.

### ORDER

For the reasons set forth above, it is this 25th day of February, 2005 hereby

**ORDERED** that defendant's Motion for Dismissal of the Complaint as to any Claims Against the Attorney General in His Individual Capacity and Dismissal of Count III of the Complaint [# 7] is **GRANTED**.

**SO ORDERED.**

to Dismiss at 7–8, n. 2. Ms. Sierzega argues that other agencies are known to defer to the judgment of the FBI and that the information is shared among various government agencies through the Office of Personnel Management. *Id.* However, because these facts were not alleged in the complaint they are not considered in the analysis of a 12(b)(6) motion to dismiss. *Allison v. Mackey,* 188 F.2d 983, 983–84 (D.C.Cir.1951); *Henthorn v. Dep't of Navy,* 29 F.3d 682, 687–88 (D.C.Cir.1994).