(122 App. Div. 473.)

## BEATTIE v. BURT et ux.

(Supreme Court, Appellate Division, Second Department. November 29, 1907.)

SPECIFIC PERFORMANCE—CONTRACTS ENFORCEABLE—INABILITY TO PERFORM.

    In an action for the specific performance of a contract by a husband and wife to convey land, proof that the husband authorized a broker to sell it, who made the contract with plaintiff, in the absence of like authority from the wife, is insufficient, since the husband alone could not convey the land, and, where there is inability to perform, specific performance will not be decreed.

    [Ed. Note.—For cases in point, see Cent. Dig. vol. 44, Specific Performance, § 33.]

    Hooker, J., dissenting.

Appeal from Special Term, Kings County.

Action by Matthew Beattie against Willis B. Burt and wife. From a judgment of dismissal, plaintiff appeals. Affirmed.

Argued before JENKS, HOOKER, RICH, MILLER, and GAY-NOR, JJ.

Thomas H. McKee, for appellant.
Ackerly & Miles, for respondents.

GAYNOR, J. This is a suit by the purchaser for specific performance of a contract to sell real estate. The complaint alleges that the defendants are man and wife, and that they are the owners in fee of the land in question, but whether by the entireties or as tenants in common is not alleged. The answer does not deny this allegation. The complaint alleges that the defendants made a written contract of sale of the land to the plaintiff, and that they refuse to perform. The allegation of the contract is denied by the answer. The contract when put in evidence proved to be by one Donnocker to sell the land to the plaintiff. It does not mention the defendants or purport to bind them. The plaintiff introduced oral evidence, however, tending to show that the husband authorized Donnocker to sell the land as broker. There was no evidence that the wife gave him any authority. At the close of the plaintiff's evidence the court therefore dismissed the complaint as to the wife on her motion. It then dismissed the complaint as to the husband on his motion. This was not error. The complaint was for the specific performance of a contract by the husband and the wife to convey the land, and there was a failure of proof of such a contract. The contract proved was that of the husband alone to convey the land. It was impossible for him to convey it; he could only convey his undivided share; and the rule in a case of inability to perform is that specific performance will not be decreed. Pomeroy on Specific Performance, § 293.

As no point is made of the failure of the learned trial judge to make findings of fact that question of practice need not be considered.

The judgment should be affirmed.

Judgment affirmed, with costs. All concur, except HOOKER, J., who dissents.

HOOKER, J. (dissenting). The action is for the specific performance of a contract for the sale of real property. After the plaintiff's evidence had been received, the defendant Kittie A. Burt, the wife of her codefendant moved for the dismissal of the complaint as to her. The motion was granted, and the plaintiff excepted. The defendant Willis B. Burt then made a similar motion as to himself, which was granted, and the plaintiff excepted. The trial was had on the third and tenth days of November, 1906, and judgment was entered dismissing the complaint, upon a decision which recited that the trial had been had and that at the conclusion of the plaintiff's case motions for dismissal of the complaint as against the several defendants "having been granted, for a failure of proof, I find and decide, as conclusions of law that the defendants, Willis B. Burt and Kittie A. Burt, are entitled to judgment against the plaintiff, Matthew Beattie, dismissing the complaint herein, with costs, and I order and direct judgment accordingly." The decision contains no findings of fact. Un-

der the provisions of section 1021 of the Code, no findings of fact were necessary.

One Donnocker, a real estate dealer and acquainted with the defendant Willis B. Burt, some time before the contract sued upon was executed, engaged in a conversation with him in respect to the sale of the property in question. Donnocker testified that Burt told him that he was going away, but that his son Henry "was here, and whatever I said to him was the same as if I had said it to him, and that whatever Henry said was the same as him; that he would leave Henry there in his place." The son Henry authorized Donnocker to sell the property for a certain price and upon certain terms, and later Donnocker, in his own name, entered into a written contract with the plaintiff for the sale of the property in question; price and terms being specified and the time for the performance of the contract. In this writing Burt, the owner of the premises, was not mentioned. The plaintiff paid $1,000 to Donnocker at the time of the execution of the instrument, part of which was paid to Henry Burt, the son, by Donnocker as part of the purchase price of the premises. Two days after the payment by Donnocker, Henry deposited it in his father's account in the bank. Henry at once advised his father what had been done and of the deposit, and the latter allowed the matter to remain for some weeks, as his son had arranged it. Later, the defendant Willis B. Burt, changing his mind in respect to his desire to sell, sought to return to Donnocker what had been received, but Donnocker refused to accept the return of those moneys. At the time mentioned in the contract when the balance of the purchase price should be paid, the plaintiff sought to find the defendant Willis B. Burt at his home, but, failing, tendered to Henry Burt, who refused to complete the sale, saying that his father had changed his mind and that the unfortunate outcome of the transaction was beyond his control, for he had had authority from his father to negotiate the sale but had nothing to show for it.

The direction of the court that the complaint be dismissed as to the defendant Willis B. Burt was error. The evidence as we have outlined it was clearly sufficient to show that Donnocker had authority to sell the property, and as such he possessed authority to sign a contract. Haydock v. Stow, 40 N. Y. 363, 368, and cases cited. That the name of the defendant Willis B. Burt was not mentioned in the contract is of no importance. The plaintiff's ignorance at the time of the execution of the contract of Burt's ownership presents a situation of the simplest form of the liability of an undisclosed principal for the act of his agent; and, the agency of Donnocker being established, the plaintiff's cause of action against the principal was perfect. As to the defendant Willis B. Burt, the judgment should therefore be reversed.

As to the defendant Kittie A. Burt, the situation is somewhat different. She did not authorize Donnocker, in so many words, to act as her agent, nor does it appear that she authorized her son Henry to arrange the matter for her. It seems that the only interest she has in the property is her inchoate right of dower; but she could not, of course, be deprived of this by her husband's contract, without her

consent. The only evidence connecting her with the transaction is the testimony of the witness Donnocker as follows:

"I had a talk with Willis B. Burt in his house in the year 1905, when Mrs. Burt, the defendant, was present. I went to the house, and said to Mr. Burt that I had called to look the house over, so that I could explain it and describe it to prospective purchasers. Mr. and Mrs. Burt and myself went through the house, I think every room, and looked it over. Mrs. Burt was present when I told this to Mr. Burt. I do not recall what Mrs. Burt said. She said something about her house not being just as slick as she would wish it. I cannot say word for word what she said. She said, when she went away from the house, she only expected to stay a little while, a few weeks; that was the year before, I think; that she had left things just as they were; that they expected to stay in New Hampshire, and did not have it looking as nice as she would like to have it."

All that is to be fairly inferred from this testimony is that Mrs. Burt was actually present and showed the house to Donnocker, at a time when Donnocker told Burt that he had called to look the house over, so that he could explain it and describe it to prospective purchasers. This statement of Donnocker to Burt could as well have been understood by Mrs. Burt to have contemplated the presenting by Donnocker of an offer for the premises, as of an arrangement that Donnocker himself was to effect the sale, and in the absence of further proof of Donnocker's agency for Mrs. Burt, the evidence is not sufficient to bind her to the contract with the plaintiff. Hence the ruling of the learned court upon the trial, dismissing the complaint as to Mrs. Burt, was correct.

The judgment as to the defendant Kittie A. Burt must therefore be affirmed, with costs; and as to the defendant Willis B. Burt it must be reversed, and a new trial granted, costs to abide the event.