## REILLY v. CULLINANE.

(Court of Appeals of District of Columbia. Submitted October 18, 1922. Decided March 5, 1923.)

No. 3787.

1. **Vendor and purchaser ⬅130(2)—Good title cannot be conveyed, unless dower rights are released.**

    Where the vendor is a married man, whose wife is entitled to dower in the lands which were the subject of the contract, under Ann. Code, § 1158, the vendor cannot convey a good record title to the purchaser, as required by the contract, until the lands are freed of that right either by proper release or transfer thereof.

2. **Specific performance ⬅21—Wife cannot be compelled to join in conveyance to perform husband's contract.**

    A wife, who was not a party to the agreement by her husband to sell his land, nor to the action brought to obtain specific performance thereof, cannot be forced by judicial decree to part with her dower right in order to fulfill a contractual obligation incurred by her husband without her consent.

3. **Specific performance ⬅126(1)—Court will not enter decree causing husband to coerce wife into releasing dower.**

    Equity will not, in order to compel a husband to perform his contract to convey land, enter a decree the effect of which will be to put him in a position to coerce his wife into parting with her right of dower, which is designed for the support of herself and her children, and consequently is specially favored by the law.

4. **Specific performance ⬅127(1)—Husband not required to purchase home with proceeds to secure wife's release of dower.**

    Where a wife refused to join in her husband's conveyance of land, which he agreed to sell plaintiff, unless he would invest the proceeds of the sale in the purchase of a home, a court of equity will not require him to make such an investment, which may be contrary to his best judgment, in order to secure the release of the wife's dower right and enable him to perform his contract.

5. **Equity ⬅423—Will not enter decree dependent on will of stranger to act.**

    Decrees in equity should be within the power of the defendant to perform, and no decree should be entered which is dependent for its fulfillment on the will of a stranger to the litigation, or on that of a person not subject to the court's jurisdiction.

6. **Specific performance ⬅10(2)—Not decreed on husband's contract with reduction in price, or indemnity for wife's dower right.**

    Where a husband entered into a contract to sell property in which the wife did not join, and she refused to join in the conveyance, equity will not require a conveyance by the husband subject to the dower right, with indemnity or reduction in purchase price to protect the purchaser against loss by reason of such dower right, since it is impracticable for the court to determine the value of a dower right.

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**7. Evidence** ⟲➔**364, 383(11)—Mortality tables admissible to show duration of life, but are worthless as evidence of dower rights.**

Though mortality tables are valuable as evidence of the average duration of life, and may be used by the courts in determining the probable duration of life, they are utterly useless for determining the value of an inchoate right of dower, which depends on the time of death of two particular individuals.

**8. Specific performance** ⟲➔**10(2)—Decree of conveyance subject to wife's dower rights is reformation of contract.**

For equity to decree a conveyance, by a purchaser who had agreed to convey a good record title, of title subject to the dower rights of the vendor's wife at a reduced price, or with indemnity to the purchaser, would not be to decree specific performance of the contract, but to reform the contract.

**9. Specific performance** ⟲➔**117—Issues held not to require vendor to prove wife's refusal to join in conveyance.**

Where the bill showed that a married man contracted to convey a good title, which necessarily implied a conveyance of the wife's dower interest, and that plaintiff was informed by defendant he could not carry out his agreement, because of his wife's refusal to join in the conveyance, and the answer averred that the wife did refuse to convey her dower right, the wife's refusal to convey was not put in issue, and defendant was not required to make proof of such refusal.

Appeal from the Supreme Court of the District of Columbia.

Suit for specific performance by Elizabeth M. Reilly against William P. Cullinane. From a decree dismissing the bill, complainant appeals. Affirmed.

L. A. Bailey, of Washington, D. C., for appellant.

G. Percy McGlue, of Washington, D. C., for appellee.

Before SMYTH, Chief Justice, ROBB, Associate Justice, and SMITH, Judge of the United States Court of Customs Appeals.

SMITH, Acting Associate Justice. On the 24th of February, 1920, a married man, William P. Cullinane, agreed in writing to convey to Elizabeth M. Reilly a good record title to certain real estate upon the payment to him by her of the sum of $7,250. The terms of sale required that $300 of the purchase price should be paid on the execution of the agreement, and that payment of the balance should be made within 30 days thereafter, provided that the examination of title had then been completed and reported.

On the ground that his wife refused to join him in making a deed to the property unless he purchased a house for her with the proceeds of sale, Cullinane on the 8th of March, 1920, repudiated his contract and notified the purchaser that conveyance of the property could not be made as he had agreed.

Elizabeth M. Reilly thereupon filed a bill in equity in the Supreme Court of the District, praying for the specific performance of the agreement of sale, and that Cullinane be required to convey the property and to indemnify the purchaser against his wife's right of dower, in the event that she did not become a party to the stipulated conveyance.

⟲➔For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

After issue joined, the case went to trial, and the facts appearing substantially as above recited, the court granted the motion to dismiss the bill of complaint without prejudice to the right of the plaintiff to apply within 10 days for a transfer of the suit to the law side of the court, for the determination of such issues as might there be properly presented. The plaintiff declined to ask for a transfer, and, electing to abide by her proceedings in equity, the decree of dismissal became effective and this appeal was taken.

[1] The wife of the defendant is entitled to dower in the lands which were the subject of the contract (Annotated Code, § 1158), and until they are freed of that right, either by proper release or transfer thereof, conveyance of a good record title cannot be made to the purchaser, as required by the terms of sale. Jones v. Gardner, 10 Johns. (N. Y.) 266; Stevens v. Hunt, 15 Barb. (N. Y.) 17.

Specific performance of the contract consequently depends on whether the wife can be or ought to be compelled to part with her dower right, either directly, by ordering her to join in the conveyance to the purchaser, or, indirectly, by ordering her husband to convey a good record title and to procure the release of the outstanding dower interest. Notwithstanding the broad powers of equity to enforce respect for the obligations of contracts in the absence of an adequate remedy at law, we are decidedly of the opinion that neither alternative can be invoked by the plaintiff, and that the wife's inchoate interest in the property cannot and should not be affected by the husband's contract, or by any proceedings against him thereon.

[2] The wife is not a party to the agreement, or to the action brought to obtain specific performance thereof, and as she and her interests are not subject to the jurisdiction of the court in this proceeding, she cannot be forced by judicial decree to part with her dower right in order to fulfill a contractual obligation incurred by her husband without her consent. Bride v. Reeves, 36 App. D. C. 476–484.

[3] To order the husband to make conveyance to the purchaser of a good record title, and therefore conveyance of his wife's right of dower, necessarily implies in him a power and authority over her not possessed by the court, and assumes that by subjecting Cullinane to pressure the court may accomplish through him that which could not be directly accomplished by judicial decree.

The requiring of the husband to do that which he can do, and ought to do, is correct enough; but it is not correct to put him in a position where he may use the decree of the court to coerce his wife into parting with her right of dower, a property interest designed for the support and the well-being of mother and children after the death of the family's natural protector, and consequently specially favored by the law. No mandate should be directed to the husband which may result in forcing the wife's will, or which, seeking to accomplish by indirection that which could not be directly achieved, imperils a sacred right of the wife, and menaces the peace, love, and confidence which should mark the marriage relation. 2 Story's Equity Jurisprudence, §§ 731, 732, and 733; Outram v. Round, 4 Vin. Abr. 203;

Emery v. Ware, 8 Ves. 515; Weed v. Terry, 2 Doug. (Mich.) 344–353, 354, 45 Am. Dec. 257; Barbour v. Hickey (2 App. D. C. 207, 213, 214, 215, 24 L. R. A. 763).

On the other hand, if the court were assured that the husband was not the better man, and that the wife was the controlling influence in the household, a decree such as that contended for could hardly be excused even as the last resort of equity, inasmuch as it would leave the husband at the mercy of the wife, and might tempt her to exact, as the price of her complacency, unreasonable concessions endangering the marital relation and the family welfare. 2 Story's Equity Jurisprudence, 733.

[4] It is said that the wife's conveyance of her dower right can be secured, if Cullinane will invest the purchase price in a home for his wife, and that therefore a decree of specific performance would subject the wife to no coercion, and would require of the husband nothing more than he can and ought to grant. Neither this court nor the court below has any knowledge as to the reasonableness of the wife's demands, and if such knowledge could be derived from the record, the disposition of the purchase price of the property in issue is not a matter within the cognizance of either court, and neither by direction nor indirection should the husband be required to make investments which he thinks are unwise or not warranted by his financial condition.

[5] But, apart from all that, decrees in equity should be within the power of the defendant to perform, and no decree should be entered which is dependent for its fulfillment on the will of a stranger to the litigation or on that of a person not subject to the court's jurisdiction. 3 Pomeroy's Eq. Jur. § 1405; Clark v. Seirer, 7 Watts (Pa.) 107, 32 Am. Dec. 745; Birmingham v. Sheridan, 33 Beav. 660; Beattie v. Burt, 122 App. Div. 473, 107 N. Y. Supp. 153; Hurlbut v. Kantzler et al., 112 Ill. 482; Weed v. Terry, 2 Doug. (Mich.) 344; Martin v. Colby, 42 Hun, 1; Pillow v. Pillow, 3 Humph. (Tenn.) 644.

[6] Appellant insists, however, that if conveyance of the wife's dower cannot be secured, then conveyance by the husband subject to the dower right of the wife should be decreed on such terms and with such indemnity against the right of dower as will protect the vendee against loss.

Learned counsel for appellant fail to specify what form the indemnity should take, or how an effective indemnity could be provided for, in any way other than by a reduction in the price agreed to be paid. If either an indemnity bond or an abatement in price should be required, the penalty of the one and the amount of the other would have to be fixed. That could not be done without determining the value of the dower right, which in its turn cannot be ascertained without prophesying the prior death of the husband and forecasting the date of the wife's demise—a gruesome, futile task, which the courts cannot be called upon to undertake.

[7] True enough there are mortality tables, from which the average expectation of life may be determined; but they furnish no information whatever as to the actual date of death of any particular

individual, or the actual duration of any particular life. When used to appraise the risk incurred in a great number of cases, the tables serve a valuable purpose, inasmuch as the average duration not reached in some instances is exceeded in others, with the net result that losses accruing because of failure here and there to meet the average are compensated for by a better average elsewhere. The tables may therefore be resorted to with safety by insurance companies or by the courts in determining the *probable* duration of life, but for the determination of the value of an inchoate right of dower they are utterly useless. Sternberger et al. v. McGovern, 56 N. Y. 12.

[8] In addition, it should be said that a decree directing Cullinane to convey at a reduced price, or to indemnify the purchaser for his wife's right of dower, would not be a decree of specific performance, but a decree reforming the contract, a brand of relief not warranted by the pleadings or the facts. Hawralty v. Warren, 18 N. J. Eq. 124–128, 90 Am. Dec. 613; Clark v. Seirer, 7 Watts (Pa.) 111, 112; Barbour v. Hickey, 2 App. D. C. 207–215, 24 L. R. A. 763; Bride v. Reeves, 36 App. D. C. 476–484.

[9] The point made that the defendant should have submitted evidence establishing or tending to establish that his wife refused to convey is not well taken. It appears from the bill that the contract to convey a good title was made with a married man, and as that agreement necessarily implied a conveyance of the wife's dower interest, it could be argued with some force that the burden was on the plaintiff to establish the wife's willingness to convey and the defendant's ability to perform. But, however that may be, the bill alleges that plaintiff was informed by the defendant that he could not carry out his agreement because of his wife's refusal to join in the conveyance, and the defendant's answer avers that the wife did refuse to convey her dower right. The allegations of the bill and the averments of the answer are not in any way contradicted by the evidence. Indeed, they are supported to some extent by the testimony of the plaintiff, who testified to the declarations made by the defendant as to the refusal of his wife to convey, unless the proceeds of the sale were invested in other real estate. The wife's refusal was not put in issue, and as the record stands the defendant was not required to make further proof of such refusal. Hawralty v. Warren, 18 N. J. Eq. 124–128, 90 Am. Dec. 613.

The purchaser in this case could have protected herself by requiring the signature of the wife to the contract of sale, and she cannot complain if equity now finds it impossible to enforce the agreement which she elected to accept.

We hold, first, that the wife, not being a party to the contract or a party to the action, cannot be compelled to convey her right of dower; second, that, the wife not having agreed or consented to the conveyance of her right of dower, it is the policy of the law to protect her in preserving her inchoate interest in the property; third, that no decree should be made which might operate to coerce her into parting with an interest accorded to her by the state for her benefit and that of the children, if any there be; fourth, that no decree of

specific performance can be made which contemplates ·a reduction in the price agreed to be paid or an indemnity for the value of the wife's right of dower.

The decree dismissing the bill of complaint is affirmed, with costs.

Affirmed.