## DRAYSON v. HEIGHT et al.
### No. 10781.

United States Court of Appeals
District of Columbia Circuit.

Argued March 26, 1951.

Decided April 19, 1951.

Herman Miller, Washington, D. C., for appellant.

Arthur L. Willcher, Washington, D. C., for appellees Ralph D. Cohn and Frances W. Cohn.

Ernest C. Dickson, Washington, D. C., entered an appearance for appellee J. Lester Height.

Before WILBUR K. MILLER, PRETTYMAN and FAHY, Circuit Judges.

WILBUR K. MILLER, Circuit Judge.

The appellee, J. Lester Height, contracted in writing on October 27, 1949, to sell certain realty to the appellant, Milton Drayson. His wife, who was not a party to the contract, refused to join in a conveyance pursuant thereto. The appellant expressed his willingness to accept a deed executed by Height alone, without any reduction in price because of, and without indemnity against, the wife's outstanding dower. But Height refused to convey, and Drayson instituted this suit against him in the United States District Court for the District of Columbia on January 24, 1950. He prayed for a decree of specific performance "requiring the defendant to convey all of his interest and title in said real estate to the plaintiff" and, in the alternative, prayed damages in the sum of $10,000.

After refusing to convey to Drayson, Height contracted in writing, in December, 1949, to sell the property to Ralph D. Cohn and Frances W. Cohn for a higher price. Height's wife ratified and confirmed the contract. The Cohns later paid the agreed purchase price and a deed to them was executed, delivered and recorded; whether before or after the filing of this suit on January 24, 1950, does not appear.

Allowed by the District Court to intervene, the Cohns moved for summary judgment, pursuant to which the complaint was dismissed. Drayson appeals.

At the conclusion of the hearing on the intervenor's motion for summary judgment, when the trial judge announced that the motion would be granted, counsel for appellant asked, "Your Honor is granting this motion purely on the basis of Reilly v. Cullinane?" [1] The judge replied, "I am basing it on this, and you can put it in the order—I think it ought to be in the order—that I have refused to decree specific performance of this contract entered into between the plaintiff and the defendant Height when he had a wife and the wife did not join in the contract of sale, because I interpret Reilly v. Cullinane to mean that you

1. 1923, 53 App.D.C. 17, 287 F. 994.

cannot transfer subject to the wife's right of dower."

The order was drawn accordingly, and referred to the Reilly case as the ground for dismissal.

■ After the decision had been rendered in the District Court, and indeed after briefs had been filed on appeal, we decided Allison v. Mackey, 1951, 88 U.S.App. D.C. ——, 188 F.2d 983, which involved facts substantially similar to those of this case. We held that a husband may not avoid specific performance of his contract to convey realty on the mere ground that his wife refuses to join in his conveyance, if the purchaser is willing to accept a deed from him alone, without indemnity or abatement in price because of the outstanding dower.

We distinguished Reilly v. Cullinane by pointing out that there the purchaser had not been willing to accept unconditionally a deed from the husband only.

■ It was therefore error to deny specific performance on the authority of the Reilly case, so the judgment will be reversed and the case will be remanded for further proceedings. If, for some other reason, the District Court should find it necessary and appropriate to refuse to decree specific performance—a matter in which a trial judge has broad discretion—there will remain for consideration and disposition appellant's claim for damages for alleged breach of contract.

Reversed and remanded.