In re CRAVENS.

In re UNITED STATES.

No. 7508.

District Court, W. D. Missouri, W. D.
Oct. 22, 1929.

Henry S. Conrad, R. R. Brewster, C. H. Kohler, and Hale Houts, all of Kansas City, Mo., for Cravens.

Nugent Dodds, Sp. Asst. to Atty. Gen., and Roscoe C. Van Valkenburgh, Asst. U. S. Atty., of Kansas City, Mo., for the United States.

OTIS, District Judge.

An indictment charging use of the mails to defraud and conspiracy was returned against Walter Cravens and others in the District Court of the United States for the District of Massachusetts at the June, 1928, term of that court. Basing his action on a certified copy of that indictment, an assistant United States attorney in the Western district of Missouri on September 25, 1928, swore to a complaint against Cravens before a United States commissioner, who thereupon issued a warrant for his arrest. For the purpose of determining whether there was probable cause for committing Cravens pending removal proceedings, the commissioner conducted an examination of witnesses. Having determined that there was probable cause, he ordered Cravens committed. Cravens then petitioned for and was granted a writ of habeas corpus, was produced before the court pursuant to that writ by the marshal, and now asks to be discharged from custody on the ground of unlawful detention. A full record of all the proceedings had before the commissioner has been brought up by certiorari. Independently of these matters, the government has applied for a warrant of removal to the district of Massachusetts. The petition of Cravens to be discharged from custody and the application of the government for a warrant of removal were heard together, and both were submitted by the parties upon the record made before the commissioner at the time Cravens was committed by him.

The contention of Cravens is that he should be discharged from custody under the

commissioner's commitment on the ground that no probable cause warranting his commitment was shown to the commissioner. This is his contention in connection with his petition for discharge in the habeas corpus proceeding. It is his contention also that the court should deny the government's application for a warrant of removal on the ground that no showing of probable cause has been made to the court upon which such a warrant of removal can be based. These are the contentions which are to be considered here. I preface a specific consideration of these contentions by a brief presentation of my understanding of the applicable law.

■ 1. It seems to be the law that before one who is charged with having committed a crime within a given district of the United States can be brought to that district from another district for trial, he is entitled to *three separate and distinct showings of probable cause.* It is difficult to believe that the government is required to show probable cause three times before trial, but that is the effect of decisions by which I am bound.

In the first place, before an indictment can be obtained against an accused person probable cause to believe him guilty must be shown to the grand jury by which he is indicted.

In the second place, after the accused is arrested in the district where he is found, before he is committed by the arresting magistrate he is entitled to a showing of probable cause before that magistrate.

In the third place, after the accused has been committed he cannot be removed until probable cause has been shown to the district judge to whom application is made for a warrant of removal.

The first showing of probable cause, that required before indictment, follows from the provision of the Constitution that no person can be tried for an infamous offense except on indictment by a grand jury.

The second showing of probable cause results (so far as any district in Missouri is concerned) from that part of section 591, 18 USCA, which says that alleged offenders are to be arrested and committed "agreeably to the usual mode of process against offenders in such State." Section 3818, R. S. Mo. 1919, requires a preliminary examination of witnesses in all felony cases before commitment, and section 3827, R. S. Mo. 1919, requires that if probable cause is not shown the alleged person shall be discharged.

The third showing of probable cause has been held to be required by that part of section 591 which says: "Where any offender * * * is committed in any district other than that where the offense is to be tried, it shall be the duty of the judge of the district where such offender or witness is imprisoned, seasonably to issue * * * a warrant for his removal to the district where the trial is to be had." This language supposes, it has been held, a judicial inquiry as to whether the warrant should issue, in which judicial inquiry it is for the judge to determine whether there was probable cause.

■ 2. A question which suggests itself is: Are all of these three separate and distinct showings of probable cause of the same nature and quality? If they are, a most unreasonable burden is clearly imposed upon the government. I think that they are not of the same nature and quality.

A showing of probable cause before a grand jury antecedent to indictment must include competent evidence tending to prove every essential element of the crime charged. Brady v. United States (8 C. C. A.) 24 F. (2d) 405, 59 A. L. R. 563. It is a showing in the fullest sense of probable cause. It is the only showing required in that same sense. The Supreme Court of the United States so held in Beavers v. Henkel, 194 U. S. 73, 24 S. Ct. 605, 607, 48 L. Ed. 882. In that case Mr. Justice Brewer said: "The thought is that no one shall be subjected to the burden and expense of a trial until there has been a prior inquiry and adjudication by a responsible tribunal that there is probable cause to believe him guilty. But the Constitution does not require two such inquiries and adjudications. The government, having once satisfied the provision for an inquiry, and obtained an adjudication by the proper tribunal of the existence of probable cause, ought to be able, without further litigation concerning that fact, to bring the party charged into court for trial. The existence of probable cause is not made more certain by two inquiries and two indictments. Within the spirit of the rule of giving full effect to the records and judicial proceedings of other courts, an indictment, found by the proper grand jury should be accepted everywhere through the United States as at least prima facie evidence of the existence of probable cause. And the place where such inquiry must be had and the decision of a grand jury obtained is the locality in which, by the Constitution and laws, the final trial must be had."

Clearly then at the second and third showings of probable cause the government is not required to do more than introduce a certified

copy of the indictment in order to make at least a prima facie showing of probable cause.

In what sense is the phrase prima facie showing here used? It cannot be used in the sense in which it is sometimes used, in the sense that it is destroyed by any contradictory evidence. E. g. see Tetwiler v. Railroad, 242 Mo. 178, 194, 145 S. W. 780. If it is so used, then the declaration of the Supreme Court that after the first showing of probable cause before the indicting grand jury the government "ought to be able, without further litigation concerning that fact, to bring the party charged into court for trial," does not conform with the law.

Suppose, for example, that A is charged in the District of Kansas with a violation of the Dyer Act (18 USCA § 408). Before that indictment was obtained, it was necessary for the government to introduce evidence before the grand jury tending to prove each of the several elements of the offense: First, that the accused transported in interstate commerce the motor vehicle involved; second, that it was a stolen motor vehicle; and, third, that the accused knew that it was stolen when he transported it. The accused is then arrested in the Western district of Missouri on a warrant issued by a commissioner before whom he is brought. Under the Missouri statutes, in conformity with which the proceedings must be had, he is entitled to a hearing before he is committed. The indictment is prima facie evidence of probable cause. The government introduces the indictment and then rests. Thereupon the accused takes the witness stand and swears positively that he was never in the state of Kansas. What is the effect of that?

Of course, if A was never in the state of Kansas he could not possibly be guilty of the crime charged against him, but is the prima facie case made by the indictment overcome by that positive testimony of the accused? It is overcome by his positive testimony if it can be said that it would be overcome by the positive testimony of twenty men that the accused had never been in the state of Kansas, and if it is overcome by his testimony or the testimony of twenty men, then the law is that whenever any single indispensable element of a crime is denied by an accused person, the value of the indictment as to a showing of probable cause is destroyed altogether and the government must once more, by the testimony of witnesses, make a showing as to probable cause. Then at the third showing of probable cause the same procedure must be had. I do not think that

the law, always properly jealous as it is of the rights of the individual citizen, can impose such an unreasonable burden on the government. At the same time it must be admitted there are decisions of some courts which seem to indicate that such is the burden the government must carry.

The case of Looney v. Romero, 2 F.(2d) 22, 23, decided by the Court of Appeals for the Eighth Circuit, I think, puts the law clearly and, of course, authoritatively, so far as this district is concerned. In that case in a removal proceeding the government introduced the indictment and some other evidence. The accused introduced evidence tending to show that the crime charged was not committed by him. Certainly if the value of the indictment is destroyed by any evidence it is destroyed by evidence that the crime was not committed by the accused. The Court of Appeals for the Eighth Circuit said, however, that if all of the evidence introduced by the government, other than the indictment, was disregarded, still a sufficient showing for a warrant of removal was made. The language of the opinion is: "Be this as it may, all of that evidence may be disregarded and yet, there remains sufficient to make a prima facie case for removal. The position of the appellant at the hearing and his evidence was simply to the effect that he did not commit the crime. That, of course, is a matter to be tried out under the indictment."

In United States ex rel. Hughes v. Gault, 271 U. S. 142, 46 S. Ct. 459, 460, 70 L. Ed. 875, the Supreme Court says that the hearing as to probable cause necessary before a warrant of removal may be issued is intended to be summary, not to amount to a preliminary trial, and to be of such a nature only as would avoid palpable injustice. In that case the only evidence offered by the government was the indictment. The accused "testified before the Commissioner both in general terms and in detail that he and his company were innocent." Notwithstanding that testimony disputing the indictment, notwithstanding moreover the exclusion by the commissioner of confirmatory evidence offered by the accused, the Supreme Court held that there was a sufficient showing of probable cause to warrant the order of removal.

3. Having in mind these authoritative decisions by the Supreme Court and the Court of Appeals of this circuit, I am convinced that the better view of the law is that the prima facie case made by an indictment is something more than a mere presumption of probable cause which takes flight on any contradictory showing. I am strengthened in

that view by the opinion of the Supreme Court in Beavers v. Haubert, 198 U. S. 77, 25 S. Ct. 573, 577, 49 L. Ed. 950. In that case only the indictment was introduced by the government to show probable cause. There was testimony introduced on behalf of the accused. As to that testimony the Supreme Court said: "The proof afforded by the indictment was not overcome; and this is all that it is necessary to now decide. Regarding the letter of the testimony when weighed with the indictment, it does not remove all reasonable grounds of presumption of the commission of the offense. * * * The testimony was negative, and, for the most part, confined to general statements. * * * The deficiencies of his statement may be urged against him."

This language certainly is inconsistent with the theory contended for by the accused here and supported by some of the cases that, where there is proof contra the allegations of the indictment, removal should be denied unless there is evidence offered by the government aliunde the indictment.

■ 4. In this case, both before the commissioner and before the court, after the admission of identity by the accused, the government introduced in evidence the indictment. That indictment charged the defendant and others with using the mails to defraud and with conspiracy to violate the federal law prohibiting the use of the mails to defraud. The indictment charged the formation of a scheme to defraud. It charged the mailing of numerous letters and pieces of literature in execution of the alleged fraudulent scheme. Those letters and pieces of literature were set out in the indictment as parts thereof. Several of the letters purport to be signed by the accused. Several of the pieces of literature referred to in the indictment and set out therein purport to be published upon the authority of the accused. The introduction of this indictment not only made a prima facie showing of probable cause, but it was prima facie proof of all of the allegations contained in the indictment.

To meet this prima facie showing the accused offered his own testimony. He offered also the testimony of certain other witnesses, but that additional testimony added little, if anything, to the testimony of the accused. And what was his testimony? It was nothing more than a denial upon his part in general terms and also in some detail that he was a party to the scheme to defraud charged in the indictment. On cross-examination even this general and detailed denial of his complicity was weakened by an admission on his part that he was the author of a letter, which was introduced by the government and which on its face certainly constituted some proof of the complicity of the accused in the scheme to defraud charged in the indictment. This letter the accused undertook to explain, and if his explanation is accepted the effect of the letter as proof against him may be said to be negatived. Certainly, however, the weight of conflicting evidence is not to be determined on a hearing as to probable cause. It is to be added also that the accused did not deny his connection with any of the letters referred to in the indictment or with the pieces of literature set out in the indictment, upon which his name appeared.

Upon the whole record which was made before the commissioner and which was made before the court, I find that there was a showing of probable cause such as fully warranted the commissioner in committing the accused and such as fully warrants the court in ordering the removal of the accused to the district of Massachusetts for his trial. While I believe that the best view of the law is that the prima facie showing of probable cause which the indictment itself makes is not overcome by a mere denial by the accused as to some element of the offense charged, and that it is not necessary that the government to meet such a mere denial present proof aliunde the indictment as to the disputed element of the charge, it is not necessary to base my ruling in this case upon that theory. In this case I find that outside of the indictment the government has introduced evidence in connection with the cross-examination of the accused and his witnesses sufficient, when taken into consideration with the indictment, to show that probable cause which is required by law.

The prayer of the accused to be discharged from custody is denied, and the warrant of removal asked by the government is granted.