**SARDO v. McGRATH, Attorney General of United States, et al.**

No. 10363.

United States Court of Appeals District of Columbia Circuit.

Argued Nov. 21, 1951.

Decided Jan. 31, 1952.

11. 1952, 342 U.S. 197, 72 S.Ct. 223.

Joseph M. Howard, Asst. U. S. Atty., Washington, D. C., with whom George Morris Fay, U. S. Atty. at the time the brief was filed, Washington, D. C., was on the brief, for appellees. Charles M. Irelan, U. S. Atty. at the time of argument, and Joseph F. Goetten, Asst. U. S. Atty., Washington, D. C., also entered appearances on behalf of appellees.

Before EDGERTON, WILBUR K. MILLER, and BAZELON, Circuit Judges.

BAZELON, Circuit Judge.

Appellant, a native of Italy, entered this country in 1923. He was naturalized as a United States citizen in 1930, only to be denaturalized five years later. He was arrested in deportation proceedings in 1938. Shortly thereafter, an order of deportation was issued, the grounds being that (1) he had entered Canada in 1937 and returned to the United States within a few days without a visa; (2) he admitted he had committed perjury in procuring his naturalization prior to the 1937 re-entry. In 1946, the proceedings giving rise to the deportation order were reopened by the immigration authorities in an attempt to determine "whether there was a record" of the visaless border crossing. Following a hearing, the 1938 order was reaffirmed. The validity of this latest decision is challenged by appellant in this suit for a declaratory judgment. He complains that the reaffirmed order "was based upon an unfair and illegal hearing and evidence improperly introduced" and that there was no substantial evidence that he had last entered the United States in 1937. Two other allegations,[1] which loomed large in the argument presented in the briefs, have been taken out of the area of controversy by subsequent developments.[2]

Jack Wasserman, Washington, D. C., with whom Irving Jaffe, Washington, D. C., was on the brief, for appellant.

---

1. Paragraph 12 of the complaint alleges in pertinent part:

   "(c) Deportation to Italy was not authorized without evidence establishing that plaintiff could not be returned to Canada and was still a citizen or subject of Italy and the defendants refused and neglected to permit the introduction of evidence on this issue.

   (d) Deportation to Italy was not authorized by law." Joint App. p. 14.

2. Appellees conceded in their Supplement to Brief for Appellees, filed November 20, 1951, that by virtue of the amendment to 8 U.S.C.A. § 156 contained in § 23 of the Internal Security Act of 1950, enacted on September 23, 1950, appellant is now entitled to choose between Italy and Canada

■■ Pursuant to appellees' motion to dismiss, the District Court entered an order dismissing the complaint with prejudice. Since no opinion was filed, the reasons for this action can only be inferred from the arguments advanced at the trial by appellees. The first of these—that there is no jurisdiction to review deportation orders except upon petition for a writ of habeas corpus—has been disposed of by Kristensen v. McGrath, 1950, 340 U.S. 162, 71 S.Ct. 224, 95 L.Ed. 173, holding such orders reviewable by way of suit for declaratory judgment. The second—that the complaint fails to state a cause of action—requires more extended consideration. Appellees do not contend on appeal that the complaint, standing alone, does not state a claim upon which relief could be granted. Nor could they successfully advance such a contention. Although clarity is not one of the virtues of this complaint, all parties were aware that, when appellant alleged that "an *ex parte* investigation was made and an *ex parte* report of the said investigation was considered in determining the issue of plaintiff's last entry into the United States," he was complaining of the denial of his right to cross-examine the authors of the report. There is ample authority for the proposition that such a denial violates due process if it can be demonstrated to have been prejudicial.[3] And this in turn, as appellees recognize, depends upon whether the "*ex parte* evidence is vital to the decision."[4] This is a matter of proof which cannot be resolved on a motion to dismiss.

What appellees do argue, however, is that the District Court inadvertently phrased its order in terms of dismissal of the complaint. What was really intended, they continue, was entry of a summary judgment in their favor. If their view is correct, then the District Court determined that matters presented to it outside the complaint dispelled what, at first blush, appeared to be issues of fact and left no genuine issue of material fact to be tried.

The thread of appellees' argument begins with Rule 12(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A., which authorizes the trial court, when confronted with a motion to dismiss for failure to state a claim, to treat it as a motion for summary judgment, if "matters outside the pleading are presented to and not excluded by the court". Appellees contend that certain statements of fact contained in their memorandum of points and authorities filed below were such "matters presented to * * * and not excluded" and hence resulted in what really was an order for summary judgment.

The statements referred to were a brief summary of exhibits filed in the deportation proceeding. Neither the record in that proceeding nor the exhibits in question were reproduced below. Yet the reliance placed upon them by appellees in the trial memorandum referred to indicates their critical importance in this case.

■■ Whether or not a summary of this kind, drawn up by an attorney and included in his memorandum of points and authorities, can qualify as "matters presented" within 12(b) depends, in our view, upon whether it is the sort of material contemplated by Rule 56. The latter is the definitive rule concerning summary judgment; Rule 12(b) merely provides one means of arriving at that end. It does not enlarge the record on which a summary judgment may be granted under Rule 56. Rule 56(c) says that summary judgment shall be granted "if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that, except as to the amount of damages, there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Thus, the extra-pleading matters presented must be either "depositions," "admissions" or "affidavits". All three possess certain characteristics which make them fitting instruments for cutting through

---

as the country to which he should be deported. They therefore urge reversal for the limited purpose of permitting appellant to make a selection.

3. Maltez v. Nagle, 9 Cir., 1928, 27 F.2d

835; Svarney v. United States, 8 Cir., 1925, 7 F.2d 515; *cf.* In re Sugano, D.C. S.D.Cal.1930, 40 F.2d 961; and see Hays v. Sesto, 8 Cir., 1926, 12 F.2d 698.

4. See Brief for Appellees, pp. 7, 12.

a possible maze of false, illusory or collateral issues raised by loosely-drawn pleadings. As the sworn statements of those who have first-hand knowledge of that about which they speak, they partake not only of the ceremonial quality of testimony in open court, but also of some of the guarantees of trustworthiness which characterize such testimony.[5]

■ In marked contrast, memoranda of points and authorities are no more than trial briefs which must be filed with each motion presented to the District Court. They must state "the specific points of law and authorities to support the motion" and are expressly not made part of the record.[6] Such memoranda are neither mentioned in Rule 56 nor, in our view, may they be classed inferentially among the documents in which extra-pleading matters may be presented for purposes of summary judgment. Neither the Federal Rules nor custom at the bar contemplate transformation of legal memoranda into a new vehicle of factual conflict. Certainly, attorneys do not ordinarily conceive that they proceed at their peril if they fail to controvert allegations of fact made by opposing attorneys in their briefs.[7] To accept appellees' view would be to introduce a confusing system of collateral pleading which could only detract from the relative simplicity of present summary judgment practice.

■ We think the emphasis in summary judgment practice has been, and must continue to be, on actual notice. This is made clear not only by Rule 56 itself but also by Rule 12(b), which expressly provides that when extra-pleading matters are presented, "all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." Without such notice that allegations of fact are being made for the record, there is no real opportunity to enter the responses necessary to create the "genuine issue of material fact" which can stave off summary judgment.

■ In the present case, the *record* contains only the allegations which we have described at the outset of this opinion. On the basis of those allegations, appellant is entitled to a responsive pleading. We do not say that the need for such a pleading might not be dispelled by properly filed affidavits, depositions, etc., which demonstrate that, on a particular theory of law, there is no genuine issue of material fact posed by the complaint. As we have indicated, however, this case has not reached such a posture.

■ It should be noted that certain limited types of assertions contained in memoranda of points and authorities—those which are patently not subject to challenge or contradiction and which relate to assurances of future conduct—may constitute "matters presented" within the meaning of Rule 12(b). Allison v. Mackey, 1951, 88 U.S.App.D.C. 154, 188 F.2d 983. But we

5. Even prior to the 1946 amendment to Rule 12(b) which specifically authorized the consideration of matters outside the pleadings on a motion to dismiss under Rule 12(b) (6), several courts had granted the motion on the basis of matters outside the pleadings. These matters were presented by such means as affidavits, National War Labor Board v. Montgomery Ward, 1944, 79 U.S.App. D.C., 200, 144 F.2d 528; letters and a contract submitted by stipulation, Locals No. 1470, etc., of Int'l Longshoremen's Ass'n v. Southern Pac. Co., 5 Cir., 1942, 131 F.2d 605; and certified copies of a claim for tax refund and letters relating thereto, Samara v. United States, 2 Cir., 1942, 129 F.2d 594.

6. Rule 9(b), Rules of the United States District Court for the District of Columbia provides: "With each motion there shall be filed and served a separate paper stating the specific points of law and authorities to support the motion. Such statement shall be additional to a statement of grounds in the motion itself, and shall be entered on the docket but shall not be a part of the record. The moving party shall enter the motion and the fact of filing the statement on a card provided by the clerk."

7. Appellees take the position that they were under no obligation to prove the facts asserted in their trial memorandum unless they were controverted. The error of this position is that appellant was put under no notice to deny the allegations in the memorandum of points and authorities.

will not extend this limited category to matters which may be subject to challenge. Here, for example, the summary discussed above shows on its face that there was conflicting evidence about an admission alleged to have been made by appellant.

We conclude that the order below was not one for summary judgment but was what the District Judge said it was: an order dismissing the complaint with prejudice. Nor can we accept the view that dismissal "with prejudice" lends support to the argument that summary judgment was granted. "The motion to dismiss for failure to state a claim raises matter in bar and, if sustained without leave to proceed further, results in a judgment on the merits."[8]

The order of the District Court is reversed and the case remanded for further proceedings consistent with this opinion. If, upon such proceedings, the trial court finds appellant was properly ordered deported, appellant should then be permitted to choose his destination in conformity with appellees' supplemental brief in this court.

Reversed and remanded.

WILBUR K. MILLER, Circuit Judge, concurs in the result.

8. 2 Moore, Federal Practice 2257 (2d Ed.).