## GOLDMAN
v.
## SUMMERFIELD et al.
## No. 11776.

United States Court of Appeals, District of Columbia Circuit.

Argued May 11, 1954.

Decided June 10, 1954.

Mr. Roy St. Lewis, Washington, D. C., with whom Mr. Carl L. Shipley, Washington, D. C., was on the brief, for appellant.

Miss Catherine B. Kelly, Asst. U. S. Atty., Washington, D. C., with whom Messrs. Leo A. Rover, U. S. Atty., Lewis A. Carroll, Asst. U. S. Atty., Washington, D. C., were on the brief, for appellees.

Messrs. William J. Peck, William R. Glendon, Asst. U. S. Attys., Washington, D. C., at time record was filed, entered appearances for appellees.

Before PRETTYMAN, BAZELON and WASHINGTON, Circuit Judges.

WASHINGTON, Circuit Judge.

Appellant, a veteran and a member of the classified civil service, filed a com-

plaint in the District Court seeking a declaratory judgment that he had been dismissed from his position as a postal carrier in violation of his statutory rights.[1] Appellees moved for summary judgment, which was granted. This appeal followed.

■■ Appellant contends that there were genuine issues of material fact present in the case, and that hence summary judgment was improper.[2] The Government disagrees, although it does not contend that the complaint fails, on its face, to state a claim upon which relief can be granted. It argues that certain exhibits appended to its memorandum of points and authorities in the District Court adequately revealed the governing facts, and that there was nothing left to be tried.

We have previously had occasion to condemn the use of legal memoranda as a "vehicle of factual conflict." Sardo v. McGrath, 1952, 90 U.S.App.D.C. 195, 198, 196 F.2d 20, 23. Rule 56(c), Federal Rules of Civil Procedure, 28 U.S. C.A., allows summary judgment where "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact * * *." Here there was no answer on file. The Government simply moved for summary judgment, without submitting affidavits. Instead, it attached a collection of exhibits to its legal memorandum, including what would appear to be a copy of a letter to the appellant from a Post Office Inspector, a copy of a letter by appellant in reply, a copy of a report by an official of the Civil Service Commission, and a copy of a letter to appellant's attorney from another official of the Commission. The record contains no document connecting up these papers, vouching for their authenticity and completeness, and affirming that the facts were as therein stated. The Government's legal memorandum, which is not part of the record and is not before us, may have attempted to do so. But, under Rule 56(c), statements of fact in such memoranda cannot ordinarily be given the dignity of a pleading or deposition, even though no effort is made to controvert them. Sardo v. McGrath, supra, 90 U.S.App. D.C. at page 198, 196 F.2d at page 23.

It follows that summary judgment was erroneously granted. The cause must be remanded, without prejudice to the filing by the Government of a new motion for summary judgment, if it is so advised. We deem it unnecessary and unwise at this stage to discuss appellant's contentions as to what he claims to be issues of material fact in the case. However, in connection with appellant's allegation that he was not given an adequate statement of the reasons for his dismissal, we note that no copy of the final notice of discharge was placed before the District Court.[3] In this regard, we call attention to our holding in Mulligan v. Andrews, 1954, 93 U.S.App.D.C. 375, 211 F.2d 28.

The judgment of the District Court will accordingly be

Reversed, and the cause remanded for further proceedings not inconsistent with this opinion.

---

1. He relies chiefly on alleged violation of Section 14 of the Veterans Preference Act, 5 U.S.C.A. § 863, and also alleges violation of 5 U.S.C.A. § 652.

2. Citing Dewey v. Clark, 1950, 86 U.S. App.D.C. 137, 180 F.2d 766, and Hunter v. Mitchell, 1950, 86 U.S.App.D.C. 121, 180 F.2d 763.

3. Final notice appears to have been contained in a letter dated October 8, 1951, from the Assistant Postmaster General to the appellant. It is referred to, but not set out or summarized, in one of the Goverment's exhibits.