Delos J. NEEDHAM, Appellant,

v.

AMERICAN BANKERS ASSOCIATION,
Appellee.

No. 15900.

United States Court of Appeals
District of Columbia Circuit.

Argued Dec. 13, 1960.

Decided March 2, 1961.

Danaher, Circuit Judge, dissented.

Mr. Ewing Laporte, Washington, D. C., with whom Mr. George Herbert Goodrich, Washington, D. C., was on the brief, for appellant.

Mr. Frank F. Roberson, Washington, D. C., for appellee.

Before EDGERTON, WASHINGTON and DANAHER, Circuit Judges.

WASHINGTON, Circuit Judge.

This is a suit brought by a retired employee against his former employer to recover sums alleged to be due under a pension plan established by the employer.

Appellant was employed by the American Bankers Association, appellee here, as its general counsel, for almost nineteen years. During the greater part of this period, both appellant and the Association made contributions to a group insurance annuity plan which is not in issue here. The present controversy relates to the computation of the benefits annually payable to appellant under a supplemental retirement plan, to which employees made no contribution. Appellant complains that the computation was erroneous, to his prejudice. The trial court granted appellee's motion for summary judgment, and this appeal followed.

Appellee concedes that appellant's rights under the supplemental plan are judicially enforceable. The issue before us is the scope and definition of those rights. See Hurd v. Illinois Bell Telephone Co., D.C.N.D.Ill.1955, 136 F.Supp. 125, affirmed 7 Cir., 1956, 234 F.2d 942, certiorari denied sub nom. Seybold v. Western Electric Co., 1956, 352 U.S. 918, 77 S.Ct. 216, 1 L.Ed.2d 124. Over a long period of years the settlor-employer and the trustees of the supplemental retirement fund have construed the governing indenture and related documents as providing for annual retirement benefits which would (a) be supplemental to Social Security benefits, the latter benefits to be deducted from any amounts otherwise payable to an employee under the supplemental plan, and (b) be calculated upon the average regular salary of the employee, exclusive of bonuses. The trustees have made payments to appellant and others in accordance with these determinations, both here challenged by appellant. After reviewing the controlling documents, on the basis stated in the

Hurd case, supra,[1] we cannot say that the construction adopted was incorrect, or that it in any way invaded appellant's rights, or subjected him to discriminatory treatment.

Appellant urges that there were a number of genuine issues of fact presented, see Fed.R.Civ.P. 56(c), 28 U.S.C.A., and that he was entitled to go to trial. We disagree. This seems to us the sort of case in which summary judgment is not only proper but is the course indicated by the letter and spirit of the Rules. For example, appellant raised no genuine issue of material fact with respect to the sums paid to appellant and others in certain years as "bonuses" or "salary adjustments." These sums, while clearly "additional compensation for services," and taxable as such, were not at any time considered part of the employee's "regular annual salary" or "average salary" within the meaning of the Plan.[2] These awards were made at the year-end by the appellant's superior officer "if and when, in his judgment," the budget permitted. In 7 or 8 years, out of the 19 years of appellant's employment, he received no award, for reasons unknown to him. The awards he did receive averaged less than $1,000 each. Appellant urges that he should have been given a chance to bring out additional facts on this subject at a trial, but does not suggest what such facts might be, or how they would affect the legal question presented. Appellant's affidavit in the District Court avers that "The entire history, too long to set forth adequately in detail by affidavit instead of trial, of said retirement payment contract, involves circular notices by defendant to all employees, including plaintiff, correspondence, memoranda, and oral communications." We find nothing in these words standing alone, or indeed in combination with any other portion of appellant's affidavit and attached exhibits, to raise a genuine issue of material fact on the bonus question, or any other question in the case. Issues of law are presented, which we think the District Court correctly decided.

For these reasons, the judgment of the District Court will be

Affirmed.

DANAHER, Circuit Judge (dissenting).

It has become certain that my colleagues and I do not read the materials at hand in quite the same way. I find myself unable to decide whether or not certain payments to the appellant, over and above his normal salary, constituted "bonus payments" as the appellee argues, or "adjustments." One of appellant's exhibits indicates that such payments "have always been considered as additional compensation for services during the particular year for which they have been granted and have always been included in our salary records and so reported for tax purposes." Since controversy developed, the appellee has denominated such payments as "bonus." If they are not bonus payments, such "adjustments" became an important factor in computing the appellant's average annual salary. The difference to appellant amounts to $270 per year. This element of the case, it would seem, presents a genuine issue as to which a record should be made, and I would reverse to permit a proper showing upon this aspect.

My colleagues' conclusion that the "adjustments" were "not at any time considered part" of the appellant's salary can be reached, as I see it, only by accept-

1. While we do not necessarily agree with all that is said in the two opinions in Hurd, we would reach our present conclusion even after giving appellant the benefit of every favorable inference to him to be drawn from those opinions.

2. Appellant urges that the affidavit of appellee's Comptroller to this effect should not have been considered by the District Court, alleging that it was argumentative and would not have been admissible at a trial. Be that as it may, appellant made no claim that he could prove facts contrary to those stated in the affidavit. If he is arguing that the construction given the Plan by the appellee is irrelevant, this does not help him, as the issue would remain one of law.

ance of appellee's claim on that score. Appellant has challenged that construction, offering to establish his position by evidence of "circular notices by defendant to all employees, including plaintiff, correspondence, memoranda, and oral communications." I think the case is not ripe for summary judgment. Sartor v. Arkansas Natural Gas Corp., 1944, 321 U.S. 620, 627, 64 S.Ct. 724, 88 L.Ed. 967; Goldman v. Summerfield, 1954, 94 U.S. App.D.C. 209, 214 F.2d 858.