**Richard MONROE et al.**

v.

**BOARD OF EDUCATION OF the TOWN OF WOLCOTT, CONNECTICUT et al.**

**Civ. No. 14953.**

United States District Court, D. Connecticut.

Jan. 23, 1975.

Richard McCarthy, Fairfield County Legal Services, Waterbury, Conn., for plaintiffs.

Frederick L. Murolo, Brian P. Borghesi, Wolcott, Conn., for defendants.

## RULING ON MOTION TO STRIKE

BLUMENFELD, District Judge.

Currently pending in this case are two motions by the plaintiff: one to strike an exhibit and portions of two affidavits submitted by the defendants and one for partial summary judgment on two "causes of action" stated in the amended complaint and described below. Following a brief recital of the factual background of the case I will consider the motion to strike.

### I. *Background*

Richard Monroe was a senior at Wolcott High School until he was suspended in December 1971. The suspension was imposed by Laurence Shapiro, the principal of the high school, after an officer of the Wolcott Police Department allegedly discovered marijuana in Monroe's locker at the school. The school board held a hearing on January 21, 1972, to consider whether Monroe should be expelled. His counsel was present at the hearing, and Monroe spoke on his own behalf. Shapiro, the principal, indicated to the board that Monroe had a long history of offenses, including numerous suspensions for smoking, leaving school without permission, defying teachers, and so forth. One of the more serious allegations was that Monroe had sold mescaline to two other students while driving to school with them on December 10, 1971. The school board unanimously voted to expel Monroe, effective January 24, 1972.

In response Richard Monroe, by his father as next friend, filed this suit (and was given permission to proceed in forma pauperis). In an amended complaint, filed by stipulation of the parties on October 31, 1972, Monroe objects (1) that the procedures followed by the school board did not afford him fair notice and hearing as required by the due process clause of the fourteenth amendment and by Conn.Gen.Stat.Ann. § 10–

234 (1958);[1] (2) that he and his attorney were asked to leave the school board meeting during the board's deliberations without a vote of the board in violation of Conn.Gen.Stat.Ann. § 1–21 (Supp. 1974);[2] and (3) that the state expulsion statute (§ 10–234) is unconstitutionally vague and overbroad. Monroe's prayer for relief requests that § 10–234 and his expulsion be declared unconstitutional, that the court order the defendants to expunge the plaintiff's expulsion from their records and to inform the state board of education that the expulsion was a nullity, and that costs plus damages in the amount of $4,004 be awarded.

## II. *Motion to Strike*

When the defendants filed their brief in opposition to the plaintiff's motion for partial summary judgment on the claim that § 10–234 is unconstitutionally vague and overbroad, they attached an unauthenticated document entitled "Official Record of Board of Education Hearing, January 21, 1972: Board of Education versus Richard Monroe." In addition, Nicholas D'Agostino, one of the named defendants and superintendent of the Wolcott school system, and Laurence Shapiro, the principal of Monroe's school, filed affidavits. Paragraphs 2 through 7 of these affidavits are identical and are set out in the margin.[3] The plaintiff has

1. This statute gives school boards the authority to expel students. It provides, in full:

    "The board of education of any town may expel from school any pupil regardless of age who after a full hearing is found guilty of conduct inimical to the best interests of the school. Written notice of such hearing shall be given to the pupil and his parent or guardian at least five days prior to the date of the hearing. A written report of the action of said board in expelling each such pupil shall be mailed to the state board of education within five days of the effective date of such action."

2. "The meetings of all administrative and executive boards, commissions, agencies, bureaus, committees and other bodies of the state or any of its political subdivisions shall be open to the public when in session. Such meetings shall be closed to the public when in executive session when so voted by a majority of the members of such body present and voting. The votes of each member of any such body upon any issue before such body shall be reduced to writing and made available for public inspection within forty-eight hours, excluding any Saturday, Sunday or legal holiday, and shall also be recorded in the minutes of the session at which taken, which minutes shall be available for public inspection at all reasonable times. . . ."

3. Affidavits of Laurence E. Shapiro and Nicholas D'Agostino, April 25, 1974, at 1–2: "2. Richard Monroe has in the past been guilty of over forty instances of misconduct in violation of the rules of the Wolcott High School.

    "3. Richard Monroe, prior to his expulsion of January 24, 1972, had received eleven suspensions from said school for periods of time ranging from two days to a week for breaches of discipline ranging from smoking in school to leaving the school without permission during the school day.

    "4. Richard Monore's suspension of December 13, 1971 was predicated upon his conveyance of controlled drugs to other students of the school.

    "5. The record as stated in Pages 1–5 of the Official Records Of The Town of Wolcott Board Of Education dated January 21, 1972, shows quite clearly that Richard Monroe was never able to adjust to the school setting and that his overall conduct became progressively worse.

    "6. The basis for the expulsion of Richard Monroe was his repetitive misconduct in violation of school rules and regulations. It was determined by the said Board of Education after Richard Monroe's attorney admitted that Richard's conduct conformed to Section 10–234 of the Connecticut General Statutes and Richard Monroe, himself, admitted that the charges against him were true, that expulsion was required.

    "7. The evidence of Richard Monroe's past conduct was the basis of his expulsion and the statement that his conduct was inimical to the best interest of the school was a conclusion only based on subordinate facts."

entered a motion to strike both the record of the school board meeting and the paragraphs of the affidavits quoted in the margin on various grounds.

### A. *The Record of Monroe's Hearing*

A motion to strike asks the court to remove "from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P. 12(f). A rule 12(f) motion to strike is not strictly proper in this instance, for the record of the school board's hearing is not a "pleading." The federal rules designate as "pleadings" those filings as set forth in rule 7(a): a complaint, an answer, a reply to a counterclaim, an answer to a cross-claim, a third-party complaint, a third-party answer, and a reply to an answer or third-party answer if ordered by the court. Fed.R.Civ.P. 7(a). Written exhibits to pleadings are made a part thereof, Fed.R.Civ.P. 10(c); however, the record of Monroe's hearing was merely made an exhibit to the defendant's brief in opposition to the plaintiff's motion for partial summary judgment. It is not made part of a "pleading" by rule 10(c).

It is, nevertheless, necessary to determine what material may be used in ruling on the pending motion for partial summary judgment, and a motion to strike has sometimes been used to call to courts' attention questions about the admissibility of proffered material in similar circumstances. *See, e. g.,* Wimberly v. Clark Controller Co., 364 F.2d 225 (6th Cir. 1966); Steven v. Roscoe Turner Aeronautical Corp., 324 F.2d 157 (7th Cir. 1963); Superior Beverage Co. v. Ohio, 324 F.Supp. 564 (N.D.Ohio 1971). Thus the court accepts the motion as an invitation by the plaintiff to consider whether the record of Monroe's hearing as submitted by the defendant may properly be relied upon.

A motion for summary judgment is to be decided on "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any . . . ." Fed.R.Civ. P. 56(c). It is clear that the minutes of the hearing as submitted do not fall into any of these categories. The scope of materials that have been allowed to be considered is actually somewhat broader than the listing in rule 56(c), however. It includes oral testimony taken at a hearing on the motion for summary judgment, presumptions, and judicial notice. *See* 6 J. Moore, Federal Practice ¶¶ 56.11[8]–[10] (2d ed. 1965). In addition, it has been held that courts may consider certified records of administrative proceedings. *See id.* ¶ 56.11[1.–8], at 2148 & n.4. The record of Monroe's hearing is a record of an administrative proceeding, but it is not certified, and the plaintiff contends that this is a fatal flaw. A number of cases support this view, holding that unverified [4] documents and transcripts that have not been made a part of a pleading cannot be considered in ruling on a motion for summary judgment. *See* Adickes v. S. H. Kress & Co., 398 U.S. 144, 157 n.16, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); Steven v. Roscoe Turner Aeronautical Corp., 324 F.2d 157 (7th Cir. 1963); United States v. Tuteur, 215 F.2d 415 (7th Cir. 1954); Goldman v. Summerfield, 94 U.S.App.D. C. 209, 214 F.2d 858 (1954); *cf.* Schoenbaum v. Firstbrook, 405 F.2d 200, 209 (2d Cir. 1968), aff'g 268 F.Supp. 385, 390 (S.D.N.Y.1967), rev'd in part on rehearing, 405 F.2d 215 (2d Cir. 1968), cert. denied, 395 U.S. 906, 89 S. Ct. 1747, 23 L.Ed.2d 219 (1969); James v. H.M.S. Port Lyttleton Port Line Ltd., 51 F.R.D. 216 (E.D.Pa.1971); United States v. Malkin, 317 F.Supp. 612, 614 n.6 (E.D.N.Y.1970). This rule may seem extraordinarily technical given the general liberality of the federal

---

4. "Verified," "authenticated," and "certified" will be used interchangeably herein. The notion underlying each concept is that the court may rely on someone's oath that the contents of the document are a true and correct rendering of the recorded proceeding.

rules, especially where, as here, the accuracy of the document has not been disputed by the objecting party. In this regard it is perhaps significant that none of the cases refusing to allow consideration of uncertified material have examined in depth the policies that support such a holding. *Goldman v. Summerfield,* in fact, is the only case with any discussion at all: the opinion refers back to Sardo v. McGrath, 90 U.S.App. D.C. 195, 196 F.2d 20 (1952), in which Judge Bazelon held that factual allegations in memoranda of points and authorities should not be considered "matter presented" within Fed.R.Civ.P. 12(b) for purposes of determining whether a pretrial ruling was a dismissal of a complaint or a summary judgment.[5] Judge Bazelon's reasoning was that such memoranda did not, under local rules, become part of the record of the case and therefore did not put opposing counsel on notice that a response would be necessary to stave off summary judgment.

In the instant case, the considerations that led to the decision in *Sardo* are not present. The plaintiff was not unfairly surprised by evidence about the course of the board's hearing: his own complaint alleges that he was not given a fair hearing, thereby placing the course of the hearing squarely in issue. Nor would admitting this evidence have the material effect it did in *Sardo* of converting a motion to dismiss into a motion for summary judgment; it is the plaintiff who filed the motion in this case and specifically asked for summary judgment. Moreover, the plaintiff does not question the accuracy of the minutes. The school board is required to keep minutes of all its meetings and give the public access to them, Conn. Gen.Stat.Ann. § 1–21 (Supp.1974), and this record, like other "business records," is thus inherently more reliable than self-serving statements made during the course of litigation in memoranda of points and authorities. All of the indicia of reliability that would be present in a certified record are present here also, and it seems clear that these minutes were not verified only because of counsel's oversight. To throw out such material purely for such a technical flaw would be contrary to the policy of liberality that informs the federal rules. *See* Fed.R.Civ.P. 1: "[The rules] shall be construed to secure the just, speedy, and inexpensive determination of every action."

It would be a mistake, however, to use this case to abrogate a rule that might make perfect sense in other cases that would be difficult to distinguish from this one. Federal rule 1 emphasizes that speedy and inexpensive resolution of litigation are desiderata of the federal system, and these ends would not be well served by creating an exception to the general rule requiring verification[6] whose boundaries would be inherently imprecise. Although the public record here at issue might be inherently reliable, the same cannot be said of a factual allegation made by a party in his brief, and there could be an infinite range of documents falling somewhere between these two extremes. Each such document would have to be separately scruti-

---

5. "If, on a motion . . . to dismiss for failure of the pleading to state a claim upon which relief can be granted, *matters* outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." Fed.R.Civ.P. 12(b) (emphasis added).

6. More precisely, the general rule requires verification or attachment to the pleadings. *See* p. 645 *supra.* If an unverified document were made a part of a pleading the court could consider it, but it would presumably not be entitled to any more weight than other allegations in the pleadings, *i. e.,* the document would give way to sworn inconsistent material introduced by the opposing party. *See* Fed.R.Civ.P. 56(e).

nized if this court adopted the rule that verification is only sometimes required. There is no reason to make such an inquiry necessary. Verification of documents is not a costly or burdensome requirement to impose on a party. It is consistent with the provisions of rule 56(c), which insure relative reliability of evidence: these only allow a court to consider, on a motion for summary judgment, *sworn* depositions, affidavits, and answers to interrogatories, as well as admissions (which a party knows can be used against him when made), and the pleadings.[7] Moreover, a requirement of verification is consistent with the requirement of Fed.R.Civ.P. 56(e) that "[s]worn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith." Finally, requiring verification of all documents provides a clear standard of pleading that will not itself create litigation.

Fortunately, there is no immediate need to resolve the apparent dilemma between perhaps doing injustice in this particular case by refusing to consider the unauthenticated minutes of the school board hearing or adopting an imprecise and perhaps unworkable rule that verification is only sometimes necessary. The plaintiff has moved for partial summary judgment on the claim that Connecticut's expulsion statute, Conn. Gen.Stat.Ann. § 10–234 (1958), is unconstitutional *on its face*. The pleadings and admissions on file identify at least

some of the charges against Monroe, indicate that he was expelled pursuant to § 10–234, etc. No information in the minutes of the hearing purports to controvert those facts or is necessary to the court's decision on the issue of § 10–234's constitutionality. Therefore, the minutes of Monroe's expulsion hearing before the school board will be disregarded at this stage of the proceedings.

B. *The Affidavits of D'Agostino and Shapiro*

As the minutes considered above did not constitute a "pleading," neither do the affidavits of D'Agostino and Shapiro. Thus the plaintiff's rule 12(f) motion to strike is not strictly proper to challenge this evidence either. Since the federal rules provide no other technique for challenging affidavits, however, courts have been willing to view motions to strike as calling the propriety of affidavits into question. *See, e. g.,* Wimberly v. Clark Controller Co., 364 F.2d 225 (6th Cir. 1966); 6 J. Moore, Federal Practice ¶ 56.22[1], at 2817–2818 (2d ed. 1965).

The plaintiff mounts several challenges, all based on alleged inconsistencies with the requirements of Fed.R. Civ.P. 56(e),[8] to different paragraphs in the affidavits. (The challenged portions of the affidavits are set out in note 3 *supra*.) First, he claims that paragraphs 2 through 4, 6, and 7 are not made upon personal knowledge.[9] Second, he claims that paragraphs 2

---

7. Allowing consideration of the pleadings is the only anomaly, since pleadings generally do not have to be verified. *See* Fed.R.Civ.P. 11.

8. Fed.R.Civ.P. 56(e): "Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. . . . "

9. The motion more precisely claims that "the allegations in paragraphs 2, 3, 4, 6, and 7 are not made upon personal knowledge, the allegations in paragraphs 2 through 7, inclusive, set forth facts as to which it does not appear that the affiants are competent to testify . . . . " In his brief the plaintiff explains his objection to the affiants' competency: "One of the basic rules of the competency of a witness is that 'a witness testifying to objective facts must have had means of knowing them from observation.' C. McCormick, Handbook of the Law of Evidence 149 (1954). With respect to objective facts, therefore, the requirement of compe-

through 5 are not relevant to the claims to which the motion for partial summary judgment is addressed. Third, Monroe claims that paragraph 5, which relies on the minutes of the school board hearing, should be stricken for not attaching thereto or serving therewith a sworn or certified copy of the minutes and for setting forth facts as to which the affiants are not competent to testify.

### 1. *Personal knowledge of the affiants.*

The portions of the affidavits subject to this challenge concern two general subjects: paragraphs 2 through 4 deal with Monroe's prior disciplinary history at Wolcott High; paragraphs 6 and 7 testify to the basis of the school board's decision to expel Monroe.

■ (a) *Paragraphs 2 through 4* recite that Monroe had been guilty of over forty instances of misconduct at Wolcott High and had been suspended eleven times for a variety of offenses, the last being conveyance of controlled drugs to other students. The paragraphs do not indicate explicitly how the affiants came by this information, and the court is unable to conclude that there is any affirmative showing that Superintendent D'Agostino had personal knowledge of these facts, as required by rule 56(e). It is beyond question that an affidavit must show that it is not based on inadmissible hearsay. *See* Union Ins. Soc'y v. William Gluckin & Co., 353 F.2d 946 (2d Cir. 1965); Flintkote Co. v. United States, 47 F.R.D. 322 (S. D.N.Y.1969), aff'd, 435 F.2d 556 (2d Cir.), cert. denied, 402 U.S. 944, 91 S.Ct. 1619, 29 L.Ed.2d 112 (1971); Goldberg v. S & V Construction Co., 6 Fed.Rules Serv.2d 56e.12, Case 1 (D.Conn.1962); *cf.* Adickes v. S. H. Kress & Co., 398 U. S. 144, 159 n.19, 90 S.Ct. 1598, 26 L.

Ed.2d 142 (1970); McSpadden v. Mullins, 456 F.2d 428 (8th Cir. 1972); Applegate v. Top Associates, 425 F.2d 92 (2d Cir. 1970); Lyon Ford, Inc. v. Ford Motor Co., 342 F.Supp. 1339 (E.D.N.Y. 1971). Since paragraphs 2 through 4 of D'Agostino's affidavit do not make this showing they will be stricken.

Shapiro's affidavit does not suffer from the same infirmity. Paragraph 1 recites that he serves as principal of Wolcott High School, and the court notices the fact that the principal is the school officer responsible for the day-to-day running of a school. Especially since courts normally regard with tolerance the affidavits of a nonmoving party in summary judgment situations, *see* 6 J. Moore, Federal Practice ¶ 56.22[1], at 2819–2820 & nn.56–57 (2d ed. 1965), I conclude that there is a sufficient showing that paragraphs 2 through 4 of Shapiro's affidavit are based on personal knowledge. Therefore, Monroe's motion to strike these paragraphs is denied.

■ (b) *Paragraphs 6 and 7* of these affidavits purport to explain the basis of the school board's decision to expel Monroe. Once again the affidavits themselves contain no evidence that D'Agostino and Shapiro have any personal knowledge on which they base these assertions. However, the plaintiff has alleged and the defendants have admitted that Shapiro was present at the school board meeting during which the decision to expel Monroe was made;[10] the court concludes, therefore, that Shapiro had some basis in personal knowledge for these statements. Since there is no evidence in the record that D'Agostino attended the school board meeting, paragraphs 6 and 7 shall be stricken from his affidavit.[11]

tency incorporates the requirement of personal knowledge." Memorandum in Support of Motion to Strike 3–4. The plaintiff does not argue that the affiants are in any other way incompetent to testify.

10. Request for Admissions and Answer to Request for Admissions ¶¶ 8, 19, 21.

11. The stricken minutes of the hearing, although they do not list D'Agostino as being

Paragraphs 6 and 7 of Shapiro's affidavit present further problems, however. Rule 56(e) requires that affidavits "shall set forth such facts as would be admissible in evidence," and it might be objected that Shapiro's declaration as to why the board voted to expel Monroe is inadmissible hearsay.[12] *See* p. 648 *supra*. Shapiro's affidavit, which recites that "the basis for the expulsion of Richard Monroe" was what Shapiro heard at the board meeting, must be regarded as hearsay. Whether or not it falls within an exception to the hearsay rule, and is thus still admissible, presents a close question. Dean Wigmore states that "[a] declaration of a present existing *motive* or *reason* for action is admissible,—assuming, of course, that the declarant's motive is relevant." 6 J. Wigmore, Evidence § 1729(2) (3d ed. 1940) (emphasis in original).[13] *Accord*, C. McCormick, *supra* note 9, § 269. The new federal rules of evidence, which will not be effective until later this year, also provide an exception to the hearsay rule for "[a] statement of the declarant's then existing state of mind . . . but not including a statement of . . . belief to prove the fact . . . believed . . . ."[14] Fed.R.Evid. 803(3), Pub. L. No. 93–595 (43 U.S.L.W. 137 (Jan. 2, 1975)). To the contrary seems to be Subin v. Goldsmith, 224 F.2d 753 (2d Cir.), cert. denied, 350 U.S. 883, 76 S.Ct. 136, 100 L.Ed. 779 (1955). That case involved a derivative suit against corporate directors who had approved a purchase of another company's assets. The district court granted the defendants' motion for summary judgment after considering four of their affidavits. One included a director's testimony about the views of other directors; the appellate court held this inadmissible as hearsay. 224 F.2d at 757. However, *Subin* appears to be an anomaly. The holding as to the director's affidavit has apparently never been cited or followed by another court, and the cases *Subin* itself cites lend no support to its holding.[15] Especially given the decreasing respect commanded by the hearsay rule,[16] this court rejects *Subin* in order to follow the clear weight of authority and to allow Shapiro to furnish an affidavit as to what he heard at the meeting concerning the reasons for the school board's decision to expel Monroe.

To allow Shapiro to tell what he heard, however, is not necessarily to allow him to do so in a conclusory and self-serving form by expressing his opinion without presenting the declara-

---

in attendance at the beginning of the meeting, indicate that he made a remark at one point during the course of the hearing.

12. Although Monroe's brief does not argue that Shapiro is incompetent to testify to this matter for any reason except that he has no personal knowledge of the facts, *see* note 9 *supra*, his motion to dismiss presented competency and personal knowledge objections to the affidavits separately. In order to allow Monroe to be heard on all his claims, however inartistically stated, the court will consider this objection to Shapiro's affidavit.

13. In the present case there is no question of relevance: the basis for the board's decision to expel Monroe is clearly material to issues in the case. For instance, one count of the amended complaint alleges that Monroe did not have advance notice of all the charges against him considered by the board; another count alleges that the board did not specify the grounds for its decision.

14. In this case the statements that the board acted on the basis of Monroe's prior offenses could not, therefore, be used to prove Monroe's prior offenses. However, they could be used to show the basis of the board's action.

15. *Subin* cited United States v. Britten, 161 F.2d 921, 928 (3d Cir. 1947), and Jameson v. Jameson, 85 U.S.App.D.C. 176, 176 F.2d 58, 60 (1949). In *Britten* an affidavit of the trustee of an estate was held inadmissible insofar as it contained opinion evidence and legal conclusions as to what courses of conduct were open to the trustees. In *Jameson* the court rejected an affidavit made on inquiry and belief rather than on personal knowledge.

16. *See, e. g.*, Weinstein, "Alternatives to the Present Hearsay Rules," 44 F.R.D. 375 (1968); *cf.* C. McCormick, *supra* note 9, § 271.

tions that underlie it. It may be that the board stated the basis of its decision or that Shapiro assumed the basis of the board's decision from the evidence he heard presented to it; what underlies Shapiro's opinion is simply not revealed by his affidavit. Paragraphs 6 and 7 of that affidavit declare:

"6. The basis for the expulsion of Richard Monroe was his repetitive misconduct in violation of school rules and regulations. It was determined by the said Board of Education after Richard Monroe's attorney admitted that Richard's conduct conformed to Section 10–234 of the Connecticut General Statutes and Richard Monroe, himself, admitted that the charges against him were true, that expulsion was required.

"7. The evidence of Richard Monroe's past conduct was the basis of his expulsion and the statement that his conduct was inimical to the best interest of the school was a conclusion only based on subordinate facts."

█ A witness in open court may be allowed to give summary testimony as to a conversation he has heard or participated in if the conversation itself is admissible under an exception to the hearsay rule and if it has been established that the witness cannot recollect the dialogue exactly. *See, e. g.*, United States v. Krulewitch, 167 F.2d 943, 948 (2d Cir. 1948), rev'd on other grounds, 336 U.S. 440, 69 S.Ct. 716, 93 L.Ed. 790 (1949); *cf.* C. McCormick, *supra* note 9, §§ 11–12 (rule against opinion evidence is one of preference for concrete evidence where obtainable). *But cf.* 7 J. Wigmore, Evidence § 1969 (3d ed. 1940) (nuances of delivery sufficiently important that lack of recollection should not be required as foundation). However, it is clear that such liberality does not extend to affidavits on motions for summary judgment, even when the affidavit in question is made by a nonmoving party. Perhaps because the testimony of affiants, who are not subject to cross-examination, is inherently less reliable than that of witnesses in open court, courts have been stricter, holding that conclusory statements of opinion in affidavits are entitled to no weight in the court's deliberative process. *See, e. g.*, Bsharah v. Eltra Corp., 394 F.2d 502 (6th Cir. 1968); G.D. Searle & Co. v. Chas. Pfizer & Co., 231 F.2d 316 (7th Cir. 1956); United States v. Britten, 161 F.2d 921, 928 (3d Cir. 1947); 6 J. Moore, Federal Practice ¶ 56.22[1] (2d ed. 1965); *cf.* Bridges v. Internal Revenue Serv., 433 F.2d 299 (5th Cir. 1970); Morgan v. Willingham, 424 F.2d 200 (10th Cir. 1970); Kletschka v. Driver, 411 F.2d 436, 449–450 (2d Cir. 1969); Morgan v. Willingham, 383 F.2d 139 (10th Cir. 1967). It is impossible to classify the statements in paragraphs 6 and 7 of Shapiro's affidavit as anything but opinion and conclusion, and therefore they must be excluded.

### 2. *Relevance of paragraphs 2 through 5.*

█ Monroe claims that paragraphs 2 through 5 of the affidavits are not relevant to the motion for partial summary judgment on the claim that Conn.Gen.Stat.Ann. § 10–234 (1958) is void on its face for vagueness and overbreadth, and that those paragraphs should therefore be stricken. The challenged paragraphs relate to conduct of Monroe that allegedly provided the basis for the school board's decision that his conduct was inimical to the best interests of the school. The board's grounds for its decision are relevant at least to the argument that § 10–234 is void for vagueness. One of the rules in the vagueness area is that one whose conduct falls within the "hard core" of a statute under which he is punished may not attack the statute as being vague with respect to the other conduct it governs. *See, e. g.*, Parker v. Levy, 417 U. S. 733, 94 S.Ct. 2547, 41 L.Ed.2d 439 (1974); Broadrick v. Oklahoma, 413 U. S. 601, 608–610, 93 S.Ct. 2908, 37 L.Ed.

2d 830 (1973); Dombrowski v. Pfister, 380 U.S. 479, 491–492, 85 S.Ct. 1116, 14 L.Ed.2d 22 (1965). In determining whether Monroe may challenge § 10–234's vagueness, therefore, it will be important to know whether the alleged kind of conduct for which he was punished fell within the hard core of the statute's application. Evidence of his alleged conduct is thus directly relevant to his motion for partial summary judgment.[17]

### 3. *Other defects of paragraph 5.*

■ Monroe also makes two other objections to paragraph 5. First, he claims that it should be stricken for the affiants' failure to attach or serve with it a certified copy of the document to which the paragraph refers (the school board minutes), as required by Fed.R. Civ.P. 56(c). As indicated in the discussion of the admissibility of the board's minutes, *supra*, a copy was served with the affidavits, but it was uncertified.

A substantial amount of authority indicates that the failure to attach a certified copy as required by rule 56(e) precludes consideration of the portions of the affidavit to which an objection has been made. *See* United States v. Dibble, 429 F.2d 598, 602 (9th Cir. 1970); Washington Post Co. v. Keogh, 125 U.S. App.D.C. 32, 365 F.2d 965, 971 (1966), cert. denied, 385 U.S. 1011, 87 S.Ct. 708, 17 L.Ed.2d 548 (1967); Washington v. Maricopa County, 143 F.2d 871, 872 (9th Cir. 1944), cert. denied, 327 U.S. 799, 66 S.Ct. 900, 90 L.Ed. 1024 (1946); Walling v. Fairmont Creamery Co., 139 F.2d 318, 322–323 (8th Cir. 1943); Henkin v. Rockower Bros., 259 F.Supp. 202, 206 (S.D.N.Y.1966). *But see* United States

v. Johns-Manville Corp., 259 F.Supp. 440, 457–458 (E.D.Pa.1966) (absence of documents referred to in affidavit goes to weight, not admissibility, of allegations). Because to do otherwise would emasculate the requirement of rule 56(e), the majority rule will be followed and paragraph 5 is excluded.

■ It will not be enough to save this paragraph simply to certify the school board minutes, however, for there is also merit in Monroe's second objection to paragraph 5, *viz.*, that it sets forth facts as to which the affiants are not competent to testify.[18] Paragraph 5 declares:

> "5. The record as stated in Pages 1–5 of the Official Records Of The Town of Wolcott Board Of Education dated January 21, 1972, shows quite clearly that Richard Monroe was never able to adjust to the school setting and that his overall conduct became progressively worse."

This allegation is simple hearsay that does not fall within any recognized exception to the hearsay rule, as well as an inadmissible conclusion of the affiants. The document may be introduced by a certified copy thereof, and the court will consider what it "shows quite clearly" without help from the affiants. Paragraph 5 will be stricken from the affidavits of both Shapiro and D'Agostino.

### C. *Summary.*

The court orders stricken the minutes of the school board hearing, paragraphs 2 through 7 of D'Agostino's affidavit, and paragraphs 5 through 7 of Shapiro's affidavit. Other than the qualifications of the affiants (stated in paragraph 1 of

---

17. Even if it were not relevant to the instant motion, however, the court would be reluctant to strike this material if it were relevant to any other parts of the whole action, as it clearly, is. *Cf.* note 13 *supra*. Monroe cites no authority to prove that a motion to strike in these circumstances would properly be granted.

18. As to paragraph 5, the plaintiff's brief spells out a challenge to the affiant's competency based on the character of this testimony, *viz.*, opinion evidence. *See* Memorandum, *supra* note 9, at 5. Thus, the court is not here required to infer the plaintiff's objection, as it was with respect to paragraphs 6 and 7 of Shapiro's affidavit. *See* note 12 *supra*.

**652**

the affidavits), what remains, therefore, are Shapiro's statements that:

"2. Richard Monroe has in the past been guilty of over forty instances of misconduct in violation of the rules of the Wolcott High School.

"3. Richard Monroe, prior to his expulsion of January 24, 1972, had received eleven suspensions from said school for periods of time ranging from two days to a week for breaches of discipline ranging from smoking in school to leaving the school without permission during the school day.

"4. Richard Monroe's suspension of December 13, 1971 was predicated upon his conveyance of controlled drugs to other students of the school."

So ordered.

