MAGDALENE LYNCH, Claimant

v.

DEPARTMENT OF HEALTH, Employer; THE GOVERNMENT
INSURANCE FUND, Insurer; MELVILLE M. STEVENS,
Commissioner of Labor and HEINRICH NIELSEN,
District Workmen's Compensation Board,
Defendants

Civil No. 440-1971

District Court of the Virgin Islands

Div. of St. Croix

March 9, 1973

BRYANT, COSTELLO & BURKE, ESQS., Christiansted, St. Croix, V.I., *for plaintiff*

RONALD H. TONKIN, ESQ., Attorney General, St. Thomas, V.I., *for defendants*

YOUNG, *Judge*

### MEMORANDUM OPINION AND JUDGMENT

This matter is here on a petition to review a final order of the Workmen's Compensation Board ("the Board"). The principal issue is the extent of the due-process safeguards which must be accorded to claimants before that body. The petitioner, Magdalene Lynch, indisputedly suffered a back injury in the course of her employment. Several doctors, however, failed to agree as to the extent of this injury. The Board reviewed their conflicting diagnoses, accepted the more optimistic estimates, and offered compensation accordingly. Petitioner then filed the present action to dispute their findings.

Her original challenge was premised on a lack of substantial evidence to support the Board's decision. Wisely, I think, this line of attack has not been pressed.[1] Instead she now relies primarily on a claim that the proceedings before the Board failed to accord with due process. Specifically, she urges that they were defective in that she was not given notice of the pending decision, an opportunity to present her case orally, an opportunity to

---

[1] Where there is competent medical testimony upholding the Board's decision, it is supported by "substantial" evidence. It will not be overturned merely because there is other evidence to the contrary, even if this Court would have given that evidence greater weight as an original matter.

cross-examine the adverse witnesses (the doctors), or the assistance of appointed counsel.[2]

■■ I find that the petitioner is correct on most of her contentions. This case seems properly governed by Goldberg v. Kelly, 397 U.S. 254 (1970), noted in The Supreme Court—1969 Term, 84 Harv. L. Rev. 1, 100 (1970). Although that case dealt with the due-process standards applicable to termination of welfare payments, the two factual settings are alike in all material respects. Both cases involve decisions affecting payments which come as a matter of right to persons meeting the appropriate statutory terms. In both, the decision is made by a governmental agency to which due-process standards are applicable. And while the standard of due process grows more stringent as the rights being determined grow more important, I think the rights involved in the two cases are roughly on a par. While welfare payments may be the sole prop of the needy, workmen's compensation is an equivalent benefit for the disabled. See 397 U.S. at 262–63 & n. 8.

■■ Under these standards the Board's procedures are fatally defective. Kelly requires that the claimant be permitted to appear before the decision maker and present an oral argument; that she have reasonable notice of such a hearing; and that she be permitted to cross-examine adverse witnesses.[3]

---

[2] I must note, with disapproval, the manner in which factual allegations have been raised in this case. Both sides have incorporated such contentions in their memoranda of law. Instead, however, they should be contained in sworn affidavits and in exhibits attached thereto. Otherwise the material does not have a proper foundation for consideration by the Court. See Rule 6. Rules of the District Court; Goldman v. Summerfield, 214 F.2d 858, 859 (D.C. Cir. 1954); Sardo v. McGrath, 196 F.2d 20, 23 (D.C. Cir. 1952); B & O. Ry. Co. v. American Fidelity & Cas. Co., 34 F.D.R. 148 (W.D. Pa. 1963). I will nonetheless proceed to dispose of this case on the theory that the error here is harmless. The relevant factual allegations have not been disputed despite an opportunity for doing so.
    In the future, however, I will be less lenient in this respect.

[3] This last right may be dispensed with if the case does not present disputed issues of fact. See 397 U.S. at 269.

■■ These procedures will not have to be burdensome to the Board. Hearings may be relatively swift and informal. For instance, a "reasonable" notice might be as little as one week, although a somewhat longer time appears preferable. Formal court procedures need not be observed, nor a written opinion issued. It is enough that the decision maker set forth his reasons with sufficient particularity to permit meaningful judicial review. And finally, although the claimant may bring a lawyer if she chooses, this is not necessary and counsel will not be appointed at public expense. See 397 U.S. at 260; 84 Harv. L. Rev. at 107–08. The purpose of these rules is not to secure perfection, but merely to assure that such important decisions are made in a reasonably fair manner.

This order of the Board will therefore be vacated and the matter remanded for further proceedings consistent with this Opinion.

### JUDGMENT

The Order of the Workmen's Compensation Board is hereby VACATED, for the reasons set forth in a Memorandum Opinion of even date herewith, and this cause is remanded for further proceedings consistent with that Opinion.